Theodore KIRKLAND, Plaintiff-Appellee,

v.

BUFFALO BOARD OF EDUCATION,
Defendant-Appellant.

No. 852, Dockets 79–7750, 79–7778.

United States Court of Appeals,
Second Circuit.

Argued March 10, 1980.

Decided March 27, 1980.

Peter J. S. Gerard, Asst. Corp. Counsel, Buffalo, N. Y. (Joseph P. McNamara, Corp. Counsel, Buffalo, N. Y., of counsel), for defendant-appellant.

James W. Kirkpatrick, Buffalo, N. Y. (Lipsitz, Green, Fahringer, Roll, Schuller & James, Buffalo, N. Y., of counsel), for plaintiff-appellee.

Before FRIENDLY and FEINBERG, Circuit Judges, and SIFTON, District Judge.*

PER CURIAM:

The Board of Education of the City of Buffalo, New York, appeals from a decision of District Judge Charles L. Brieant, sitting by designation in the United States District Court for the Western District of New York, finding that the Board had violated Title VII of the Civil Rights Act of 1964, 42

U.S.C. §§ 2000e et seq., by refusing to hire appellee Theodore Kirkland in May 1977 and awarding Kirkland $13,500 in damages and attorneys fees. In July 1973, the Board declined to hire Kirkland for its newly created position of Director of Security despite the fact that Kirkland had scored first on the qualifying exam. Believing that he was denied employment because of his race, Kirkland filed complaints with the Equal Employment Opportunity Commission (the EEOC) and the New York State Division of Human Rights and instituted a lawsuit against the Board in the New York State Supreme Court. In June 1976, the EEOC ruled that there was "reasonable cause to believe that [the Board] failed to hire [Kirkland] because of his race, black." Conciliation efforts between the EEOC and the Board were unsuccessful and the Department of Justice, after declining to pursue the matter itself, issued Kirkland a "right to sue" letter in May 1977. Shortly before Kirkland received his authorization to sue in federal court, the position of Director of Security again became available. Kirkland resubmitted his application and after being persuaded by the Board to drop his state court litigation, was again denied employment in May 1977, principally on the grounds that the civil service list of eligible candidates had expired and that the list was incomplete. Kirkland filed his complaint in the present lawsuit one month later, charging that the Board violated Title VII in refusing to hire him both in July 1973 and in May 1977.

Judge Brieant, in a well-reasoned opinion reported at 487 F.Supp. 760 (W.D.N.Y. 1979), concluded that the Board had acted justifiably in refusing to hire Kirkland in 1973. The court found, however, that the explanations offered by the Board for its refusal to hire Kirkland in 1977 were a pretext, and that the real motivation for the Board's action was a desire to retaliate against Kirkland for his complaints concerning the 1973 hiring. Accordingly,

---

* Hon. Charles P. Sifton of the United States District Court for the Eastern District of New York, sitting by designation.

**1068**

Judge Brieant held that the Board's 1977 refusal to hire Kirkland violated Title VII. We affirm this determination for the reasons given by the district court, and address in this opinion the only substantial issue raised by the Board on this appeal.

 The Board contends that the district court lacked jurisdiction to consider the May 1977 claim of discrimination because the "right to sue" letter was issued with respect to only the July 1973 claim. Apparently, under appellant's theory a person claiming that he was wrongfully and repeatedly denied employment must obtain a separate "right to sue" letter for each incident, regardless of any interrelationships between the separate denials. However, the jurisdictional requirements of Title VII were not intended to be construed so narrowly. Cf. *Love v. Pullman Co.*, 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679, 685 (1972). The issuance of a "right to sue" letter, although not constituting an open license to litigate any claim of discrimination against an employer, does permit a court to consider claims of discrimination reasonably related to the allegations in the complaint filed with the EEOC, "including new acts occurring during the pendency of the charge before the EEOC." *Oubichon v. North American Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir. 1973). See also *Weise v. Syracuse University*, 522 F.2d 397, 412–13 (2d Cir. 1975). In the present case, a second authorization to sue was not required. Appellee Kirkland alleges, and the district court found, that the decision to deny Kirkland employment in May 1977 was in retaliation for Kirkland's initiation of litigation regarding the July 1973 refusal to hire him. Thus, the two claims of discrimination were directly related. Moreover, the EEOC found that there was reasonable cause to believe that the Board had acted unlawfully in refusing to hire Kirkland in July 1973, but had declined to pursue the matter itself after conciliation efforts failed. Under the circumstances, the issuance of a right to sue letter should be broadly construed to permit appellee to seek judicial redress for acts of discrimination related to and stemming from the 1973 incident.

Accordingly, the judgment of the district court is affirmed.