Angelina SINICROPI,
Plaintiff–Appellant,

v.

NASSAU COUNTY, Defendant–Appellee.

No. 191, Docket 80–7279.

United States Court of Appeals,
Second Circuit.

Argued Oct. 6, 1980.

Decided Oct. 30, 1980.

William D. Friedman, Hempstead, N. Y., for plaintiff–appellant.

Robert O. Boyhan, Deputy County Atty. of Nassau County, Mineola, N. Y. (Edward G. McCabe, County Atty. of Nassau County,

Mineola, N. Y., of counsel), for defendant–appellee.

Before FEINBERG, Chief Judge, VAN GRAAFEILAND, Circuit Judge, and BLUMENFELD, District Judge.*

FEINBERG, Chief Judge:

Angelina Sinicropi appeals from a judgment of the United States District Court for the Eastern District of New York, Mark A. Costantino, J., dismissing her amended complaint against Nassau County, her former employer. Appellant alleged that Nassau County discriminated against her on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII). Judge Costantino, citing this court's prior decision regarding appellant, *Sinicropi v. Nassau County*, et al., 601 F.2d 60 (2d Cir.), cert. denied, 444 U.S. 983, 100 S.Ct. 488, 62 L.Ed.2d 411 (1979) (*Sinicropi I*), dismissed Sinicropi's amended complaint on the basis of res judicata. Because appellant has never had a judicial determination on the merits of the specific claims presented in her amended complaint, we reverse.

In *Sinicropi I*, appellant alleged that Nassau County had discriminated and retaliated against her on the basis of sex by forcing her to undergo psychiatric examination and treatment. This claim, which stemmed from an incident in 1976, had been submitted to and rejected by both the New York State Division of Human Rights (the Division) and the New York State Human Rights Appeal Board (the Appeal Board). Having exhausted her state administrative remedies, appellant then commenced a proceeding in the Supreme Court of the State of New York, Appellate Division, Second Department, to review the order of the Appeal Board. In February 1978, that court upheld the determination of the Appeal Board. Leave to appeal to the New York Court of Appeals was denied. Appellant then sought to pursue the same claim in federal court; in September 1978, she filed a complaint in the United States District Court for the Eastern District of New York alleging a Title VII violation.[1] Based on our decision in *Mitchell v. National Broadcasting Co.*, 553 F.2d 265 (2d Cir. 1977), we held in *Sinicropi I* that since plaintiff had litigated the above charge of sex discrimination in the state courts, she was barred by res judicata from bringing an action concerning the same act of discrimination in federal court. *Sinicropi I*, supra, 601 F.2d at 62.

In November 1979, appellant then commenced the instant proceeding in the district court by filing a new complaint. In addition to raising a claim of retaliatory termination, this complaint also contained other allegations against both Nassau County and the Nassau Chapter of the Civil Service Employees Association. After a hearing, Judge Costantino dismissed this complaint in an order that specifically preserved appellant's right to amend.[2] In June 1980, appellant filed the amended complaint that is the subject of this appeal. This complaint alleged that defendant Nassau County fired appellant in June 1978 because of her earlier charge of sex discrimination against the County referred to above. This latest complaint is not barred by res judicata, unless there has been a prior judicial determination on the merits of appellant's claim of retaliatory termination in an action involving the same parties. See *Expert Electric, Inc. v. Levine*, 554 F.2d 1227, 1232–33 (2d Cir. 1977); *Herendeen v. Champion International Corp.*, 525 F.2d 130, 133 (2d Cir. 1975). From the foregoing summary of the history of this litigation in the state and federal courts, it is clear that no such prior determination has been rendered by either.

---

* Honorable M. Joseph Blumenfeld, Senior District Judge of the United States District Court for the District of Connecticut, sitting by designation.

1. Appellant also alleged "numerous" other unspecified acts of retaliation by Nassau County as well as various procedural errors on the part of the Division and the Appeal Board.

2. Appellant does not claim error with respect to this initial dismissal.

Nassau County did not terminate appellant until June 20, 1978, more than one and one–half years after the compelled psychiatric examination and treatment that was the basis of her earlier complaint to the state agencies, the state court and, finally, the federal court. Even more importantly, appellant's termination did not occur until more than four months after the last court decision on the merits of her earlier complaint. Unlike the situation in *Sinicropi I*, therefore, no state court has passed on the merits of appellant's claim of retaliatory termination.

While conceding that appellant could not have raised her claim of retaliatory termination in her state court proceeding, appellee nevertheless asserts that res judicata is applicable because appellant attempted to have this issue considered by both the federal district court and this court in *Sinicropi I*, which was actually filed after her discharge. Citing this court's recent holding in *Kirkland v. Buffalo Board of Education*, 622 F.2d 1066 (2d Cir. 1980), that a separate "right to sue" letter from the Equal Employment Opportunity Commission is not required for "acts of discrimination related to and stemming from" an incident for which a right to sue letter was obtained, id. at 1068, appellee concludes that appellant should have raised her claim for retaliatory termination in *Sinicropi I*; since she did not, the argument goes, appellant is now barred because res judicata precludes all claims that "could have been . . . adjudicated" in the prior proceeding. *Herendeen v. Champion International Corp.*, supra, 525 F.2d at 134.

This argument is unpersuasive. Appellee itself asserts that appellant tried to raise the claim of retaliatory firing in *Sinicropi I*, both in the federal district court and in this court. That she was unable to do so with success was undoubtedly due to the inappropriateness of the attempt, since this incident was still the subject of a separate and distinct complaint before the Division and was not acted upon by the Division until almost four months after Judge Costantino's decision in *Sinicropi I*. On this record, appellant cannot fairly be barred now for failing to present this claim to the federal court before. Moreover, even assuming arguendo that the judge did consider appellant's claim of retaliatory termination in *Sinicropi I*,[3] that alone could not trigger the application of res judicata since the district court never passed on the merits of any aspect of appellant's cause of action. As this court made clear in its prior opinion, the only issue decided in *Sinicropi I* was the binding effect of the prior state court adjudication on the 1976 charges that were thereafter litigated in the federal courts. *Sinicropi I*, supra, 601 F.2d at 62.

Accordingly, we conclude that the judgment of the district court must be reversed. Because of the proliferation of charges brought by appellant,[4] we do so with no enthusiasm. Moreover, we of course express no view on the merits of appellant's complaint. Appellee contends in its brief on appeal that appellant was terminated for "insubordination and incompetence," including an "assault" against a County official. We hold only that appellant's complaint alleging a Title VII violation because of her discharge in June 1978 is not barred by res judicata.

Judgment reversed.

---

**3.** As we noted in *Sinicropi I*, it is difficult to determine the precise scope and basis of Judge Costantino's decision in *Sinicropi I* since the judge did not write an opinion and no transcript was made of the hearing in which he heard arguments from counsel on appellee's motion to dismiss and orally rendered his opinion from the bench. See *Sinicropi I*, supra, 601 F.2d at 61.

**4.** We are told that still another action has been filed in the district court.