**Peter T. STAPLES, Plaintiff,**

v.

**AVIS RENT–A–CAR SYSTEM, INC., Defendant.**

**No. CIV–80–852E.**

United States District Court, W. D. New York.

May 4, 1982.

Cornelia Farley, Buffalo, N. Y., for plaintiff.

Joseph L. Randazzo, Buffalo, N. Y., for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

A Complaint filed September 12, 1980 by plaintiff Staples against defendant Avis Rent-A-Car System, Inc. ("Avis") alleges that Avis discriminated against plaintiff on the basis of race in both its promotion policies and its termination of plaintiff's employment in 1975. Plaintiff further alleges that Avis, following plaintiff's termination, neither hired nor employed black service agents in its Buffalo offices.

Plaintiff alleges violations of the Civil Rights Act of 1870, 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et seq.

Issue was joined November 6, 1980. An Amended Complaint was filed March 9, 1981 and Avis has moved to dismiss pursuant to Fed.R.Civ.P. rule 12(b)(6).[1]

---

1. Rule 12(b) provides in part:

"If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all materi-

By his Amended Complaint, plaintiff avers that he is a Black person, that he had been employed by defendant until July 1, 1975, that during his employment he was repeatedly and due to his race bypassed for promotions and raises, that he was unlawfully and due to his race terminated July 1, 1975 from such employment, that about November 17, 1975 he filed with the Equal Employment Opportunity Commission ("the EEOC") charges that defendant had discriminated against him in his employment and that about July 1, 1980 he received a "Notice of Right to Sue" from the EEOC. The Complaint was filed in this Court September 12, 1980. Among the items of relief sought by the Amended Complaint is punitive damages. While the Amended Complaint is less than specific concerning the charges filed with the EEOC, it is assumed that the alleged discrimination was on the basis of race.

Defendant's motion asks a dismissal of the allegations of discriminatory denial of promotions and raises as time-barred under 42 U.S.C. § 1981 and Title VII, of the allegations of discriminatory discharge as time-barred by 42 U.S.C. § 1981 and for laches and of plaintiff's claim for punitive damages. (Defendant also seeks a dismissal of plaintiff's allegations that defendant failed to hire a Black person in plaintiff's position (service agent); as will be seen, I construe such allegation as not constituting a cause of action and harmlessly present in the Amended Complaint.)

*Section 1981 As Basis for Plaintiff's Action*

Taking the allegations of the Amended Complaint as true, plaintiff was employed by Avis until his termination July 1, 1975. He alleges that he was terminated because of his race and that Avis knew that he had

been injured and was unable to return to work at the time of his dismissal. He further alleges that Avis only posted notices of examinations for promotions when plaintiff was not scheduled to work or was ill at home and that Caucasian employees with less experience and ability were promoted in his stead. Avis's discriminatory conduct allegedly continued when it failed to hire or employ any Black service agents to replace plaintiff.

Avis offers several alternative grounds for dismissing the section 1981 action. First it contends that such action regarding the termination, failure to promote and failure to recruit Black employees is time-barred. With regard to the termination issue Avis also offers res judicata and laches as bases for dismissal of such action.

While Avis alleges collateral estoppel with regard to plaintiff's section 1981 cause of action, its supporting memorandum narrows this to res judicata arising out of state administrative proceedings, parallel to those of the EEOC.

■ Avis cites *Mitchell v. National Broadcasting Co.*, 553 F.2d 265 (2d Cir. 1977), for the proposition that resort to, and adjudication of the complaint through, the state administrative agency renders the issues res judicata and bars subsequent litigation thereof in the federal courts. But, as the court noted in *Mitchell*, "[r]es judicata attached when plaintiff chose to pursue her claims in the state courts, and not before." *Id.*, at 276. This concept was reiterated in *Sinicropi v. Nassau Cty.*, 601 F.2d 60, 62 (2d Cir.), *cert. denied* 444 U.S. 983, 100 S.Ct. 488, 62 L.Ed.2d 411 (1979), where, extending the *Mitchell* rule to Title VII actions, the court stated that "[t]he crucial factor is

---

al made pertinent to such a motion by Rule 56."

Defendant's motion purports to have been made upon the pleadings, an annexed affidavit of defendant's attorney and certain exhibits attached to said affidavit. As required by rule 12(b), the motion was made before defendant answered to the Amended Complaint. Because an attorney's affidavit usually is—and this affidavit is no exception—not made upon the affiant's first-hand knowledge, such usually is of

no evidentiary weight and is treated merely as a memorandum. The factual allegations therein and the exhibits attached thereto have no evidentiary standing and are excluded from consideration. In such posture, there is no room or reason for answering evidence such as plaintiff's attorney's affidavit or plaintiff's own affidavit. Both of these and the exhibits attached to the latter are similarly excluded in my determination of this motion.

that the appellant chose to submit her case to the state *courts* for review and she cannot now relitigate the same issues in federal court." Plaintiff in this case has not submitted his case to state court review but has come directly to the federal courts for relief. Principles of res judicata do not apply.

■ Concerning Avis's contention that this action is time-barred, no specific statute of limitations applies expressly to section 1981 claims. The most analogous state statute of limitations is to be the yardstick by which the timeliness of such actions is measured. *Johnson v. Railway Express Agency*, 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975). Plaintiff would have me hold that the most analogous state statute of limitations in this action is section 213.2 of New York's Civil Practice Law and Rules ("CPLR") ("an action upon a contractual obligation or liability express or implied") and, consequently, that plaintiff should have six years from the date of the alleged discriminatory acts to file suit.

■ It is well-established in this Circuit, however, that the proper statute of limitations for section 1981 actions charging employment discrimination is found in CPLR § 214.2 ("action to recover upon a liability, penalty or forfeiture created or imposed by statute") to which a three-year statute of limitations applies. *Pauk v. Board of Trustees*, 654 F.2d 856 (2d Cir. 1981). While *Pauk* specifically concerns section 1983, its holding and rationale are controlling as to actions under 42 U.S.C. § 1981. Such claims thereunder must be dismissed as time-barred.

### Plaintiff's Title VII Claim

Avis suggests that allegations of racial discrimination in promotions and raises should be dismissed because the period of limitations for such an action has run and because the plaintiff failed to meet the jurisdictional prerequisites to Title VII actions.

Even assuming what is not in the Amended Complaint—to wit, that the charges filed with the EEOC related only to discriminatory termination—the paradigm case dealing with allegations of discrimination which are first raised before a court without prior administrative investigation is *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970). Its analysis of the statutory scheme of Title VII led that court to conclude that the range of a civil action for discrimination is not limited to those issues raised in the initial complaint to the EEOC but can include any issue "reasonably expected" to grow out of the EEOC's investigation.

Since *Sanchez* the courts have allowed plaintiffs to incorporate into lawsuits discriminatory acts not originally alleged before the administrative agency if the claims in the lawsuit bear a tenable kindredship to the complaint filed before the agency. In *Kirkland v. Buffalo Bd. of Ed.*, 622 F.2d 1066 (2d Cir. 1980), the court decided that "[t]he issuance of a 'right to sue' letter * * permit[s] a court to consider claims of discrimination reasonably related to the allegations in the complaint filed with the EEOC * * *." *Id.*, at 1068.

■ If plaintiff's original complaint to the EEOC stated that he had been discharged because of his race and that the claim that it was due to his alleged failure to report his absence to Avis in a timely manner is mere pretext, allegations of such racially motivated discharge would reasonably support an EEOC investigation into Avis's racially motivated promotion practices. The test is not whether the EEOC did, in fact, investigate the alleged racially discriminatory failure to promote but whether such charge reasonably relates to the charges made to the EEOC and to its investigation.

■ When one has complained of a particular kind of discrimination in employment, any and all effects and results flowing from *that kind* of discrimination may be sued upon even though a particular effect or result had not earlier been asserted. This court has jurisdiction to determine

1219

plaintiff's Title VII claims. Whether Avis actually discriminated against plaintiff on the basis of his race is a factual issue which will be determined upon trial. The actual time during which racially discriminatory promotion practices may have occurred is unimportant to defendant's motion to dismiss. Racially discriminatory promotion and discharge practices are part and parcel of the race discrimination pattern asserted here. Avis concedes as much in its memorandum when it attempts to limit litigation concerning its promotion practices to a period of time consistent with the Title VII statute of limitations applicable to plaintiff's complaint to the EEOC of racially discriminatory termination. Defendant's motion to dismiss for lack of jurisdiction must fail.

■ Concerning Avis's contention that plaintiff has been guilty of laches, it is not clear from Avis's memorandum of law whether the defense of laches is being offered to defeat plaintiff's section 1981 claims or his Title VII action. Because I am ruling that the cause of action under section 1981 is barred by the statute of limitations, the laches defense will be considered only as to the Title VII cause of action. I am not persuaded the plaintiff's Title VII claim is barred by laches. In a different context, I identified three independent criteria for the finding that one has been guilty of laches—to wit, that the plaintiff delayed in asserting his claim, that the delay was inexcusable and that the defendant was unduly prejudiced by the delay. *Dalsis v. Hills*, 424 F.Supp. 784, 788 (W.D.N.Y.1976).

While plaintiff waited more than four years before instituting suit, the passage of time alone is an insufficient basis for a finding of laches.

To allow dismissal of a Title VII action on laches grounds would, except in the most unusual circumstances, do injustice to the intent of the framers of Title VII. *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977), recognized the Congressional hope that most complaints to the EEOC would be resolved through conciliation rather than litigation. While Congress wishes to make available the avenue of private suit after the passage of a stated period of administrative effort, it clearly did not intend to discourage the full exploration of claims by the EEOC. *Occidental* holds that to apply varying state statutes of limitations to determinations concerning employment discrimination could not be countenanced. Even less equitable would be the throwing out of such charges for laches.

■ Plaintiff brought suit within the time allotted after he had received a right-to-sue letter from the EEOC. He was not required to litigate prior to the termination of the EEOC's investigation and attempts at conciliation. On the contrary, the hope expressed by Congress is that private suits can be avoided if the agency's procedures are allowed to run their course. It can hardly be said that the plaintiff's delay was inexcusable when he accommodated the spirit of Title VII by awaiting completion of the administrative procedures before filing suit. *Bernard v. Gulf Oil Co.*, 596 F.2d 1249, 1257 (5th Cir. 1979), *reversed on other grounds* 619 F.2d 459 (5th Cir. 1980), *such reversal affirmed* 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981); *Fowler v. Blue Bell, Inc.*, 596 F.2d 1276, 1279, *denial of rehearing en banc*, 601 F.2d 1195 (5th Cir. 1979), *cert. denied*, 444 U.S. 1018, 100 S.Ct. 671, 62 L.Ed.2d 648 (1980). Counsel for Avis contends that a crucial witness is no longer employed by Avis. At this juncture it is not known whether it has tried to contact this witness and whether he is in fact unavailable. Termination of employment alone is insufficient and the defendant should show, at a minimum, that the witness is unavailable. Also, Avis has been aware of these race discrimination charges from the time of the filing of the administrative charges—albeit, relative to plaintiff's termination. Personnel changes alone are insufficient to support application of laches unless the personnel who are important to defendant's case are actually unavailable to the defendant. *Bernard v. Gulf Oil Co., supra* at 1257; *Fowler v. Blue Bell,*

*Inc., supra* at 1279–1280; *Akers v. State Marine Lines, Inc.,* 344 F.2d 217, 221 (5th Cir. 1965). Therefore, Avis's laches defense to the Title VII action must fail, at least for now.

I agree with Avis that plaintiff's allegation of failure to hire Black service agents does not state a claim upon which relief may be granted. Rather it is a factual allegation tending to show that Avis was pursuing a policy of racial discrimination in hiring. However, I feel that the charge, when read with paragraphs 14–20 of the Complaint, buttresses the alleged existence of discriminatory intent when Avis dismissed plaintiff. This interpretation is supported by the fact that plaintiff seeks no relief especially resultant from Avis's failure to hire Black service agents. While a complaint ought not to be emburdened by evidentiary statements, the presence of this allegation is harmless. The allegation is not "redundant, immaterial, impertinent, or scandalous" for purposes of Fed.R.Civ.P. rule 12(f). It appears only in paragraph 21 of the Complaint and is material and pertinent to the showing of discriminatory intent to dismiss plaintiff. The validity and value of the allegation will be determined upon trial.

Because plaintiff's section 1981 action is barred, his request for punitive damages must be dismissed. Title VII, through 42 U.S.C. § 2000e–5(g), provides for equitable relief but no provision is made for punitive or compensatory damages. Consequently, the courts have applied the rule that no punitive damages are allowed under Title VII, *Seymore v. Reader's Digest Ass'n, Inc.,* 493 F.Supp. 257, 267 (S.D.N.Y.1980), *Schick v. Bronstein,* 447 F.Supp. 333, 338 (S.D.N.Y.1978), *Richerson v. Jones,* 551 F.2d 918, 926–928 (3d Cir. 1977); *Whitney v. Greater N.Y. Corp. of Seventh-Day Adv.,* 401 F.Supp. 1363, 1368–1371 (S.D.N.Y.1975).

Therefore, it is hereby ORDERED that Avis's motion to dismiss the Amended Complaint is granted as it applies to plaintiff's cause of action under 42 U.S.C. § 1981; that Avis's motion to dismiss plaintiff's claim for punitive damages as not recoverable under 42 U.S.C. § 2000–5(g) is granted; and that Avis's motion to dismiss the Amended Complaint is in all other respects denied.