101 F.3d 1392
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Angela L. GROFF, Plaintiff-Cross-Appellant,
Michele L. Meyers, Plaintiff-Appellee,
v.
David J. KYZMIR, Clerk of the Niagara County Legislature,
Defendant-Appellant-Cross-Appellee,
County of Niagara, New York, Defendant-Cross-Appellee,
Richard Shanley, William L. Ross, Chairman of the Niagara
County Legislature, John Doe, and Richard Roe, Defendants.
 Nos. 95-9112(L), 95-9114 and 95-9116.
 United States Court of Appeals,
Second Circuit.
 July 8, 1996.
 
 A. Angelo DiMillo, Muscato, DiMillo & Vona, Lockport, NY, for Appellant-Cross-Appellee Kyzmir.
 David C. Douglas, Jackson, Wilson & Douglas, Lockport, NY, for Cross-Appellant Groff.
 Ann Giardina Hess, Lockport, NY, for Appellee Meyers.
 David Gerald Jay, Buffalo, NY, for Cross-Appellee County.
 Present: KEARSE, MAHONEY, McLAUGHLIN, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Western District of New York, and was argued by counsel for plaintiff-cross-appellant Groff, plaintiff-appellee Meyers, and defendant-cross-appellee County of Niagara, and was submitted by counsel for defendant-appellant-cross-appellee Kyzmir.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 3
 Defendant David J. Kyzmir appeals from so much of a judgment of the United States District Court for the Western District of New York, entered after a bench trial before Edmund F. Maxwell, Magistrate Judge, as ordered him to pay plaintiff Michele L. Meyers $7,500.00 on her claim under 42 U.S.C. § 1983 and attorney's fees on her claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), for quid pro quo sexual harassment. Plaintiff Angela L. Groff cross-appeals from so much of the judgment as dismissed her Title VII and § 1983 claims against Kyzmir and defendant County of Niagara. On appeal, Kyzmir contends principally that the magistrate judge impermissibly took into account alleged conduct that was not the subject of Meyers's administrative complaint to the Equal Employment Opportunity Commission ("EEOC") and that the findings of fact against him failed to take into account the totality of the circumstances. Groff contends principally that the magistrate judge's findings against her were incomplete, ambiguous, and erroneous. For the following reasons, we affirm the judgment of the district court.
 
 
 4
 Factual findings of the district court after a bench trial are reviewed for clear error, see Fed.R.Civ.P. 52(a); Anderson v. Bessemer City, 470 U.S. 564, 573, 576 (1985). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Id. at 574. "[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." Id. at 575.
 
 
 5
 Given the deference to be accorded to the factfinder's credibility assessments and its choice between permissible inferences, we conclude that the magistrate judge's findings of fact were not clearly erroneous. The court rejected Groff's quid pro quo claim because it rejected her interpretation of the Kyzmir question on which the claim was based. The question plainly did not constitute a quid pro quo demand as a matter of law, and the interpretation of what in fact was meant was to be determined by the factfinder. The magistrate judge's finding that the question did not have the meaning Groff imputed to it is not clearly erroneous. The court's rejection of Groff's hostile environment claim was similarly based on inferences it drew as to the tone and tenor of the working environment given the various witnesses' testimony as to conversations and conduct in the office. While it would have been permissible for the court to draw inferences in Groff's favor, we cannot say that its adverse inferences are clearly erroneous.
 
 
 6
 Similarly, Kyzmir has failed to demonstrate clear error in the district court's finding that Kyzmir "induced [Meyers] to engage in sexual relations in exchange for his favorable recommendation to the legislature that she be appointed to a permanent position." Decision and Order dated September 28, 1995, at 24. Meyers so testified; the magistrate judge was entitled to credit her testimony.
 
 
 7
 Nor is there merit in Kyzmir's contention that the magistrate judge could not permissibly take that incident into account because it was not included in the allegations contained in Meyers's EEOC charge. The court may properly consider "claims of discrimination reasonably related to the allegations in the complaint filed with the EEOC." Kirkland v. Buffalo Board of Education, 622 F.2d 1066, 1068 (2d Cir.1980) (per curiam); see also Butts v. City of New York Department of Housing Preservation and Development, 990 F.2d 1397, 1402-03 (2d Cir.1993). Here, Meyers's EEOC charge stated, inter alia, that "[o]n at least one occasion an agent of the employer conditioned concrete employment benefits, to wit, continued employment, upon my granting him sexual favors quid pro quo," and it described Kyzmir's requests that Meyers show her "appreciation" of him. The incident found by the magistrate judge fell well within the scope of the EEOC investigation that could reasonably have been expected to grow out of the administrative complaint.
 
 
 8
 We have considered all of the contentions of Groff and Kyzmir in support of their respective appeals and have found in them no basis for reversal. The judgment of the district court is affirmed.