Lisa ORTIZ, Plaintiff,

v.

SUFFOLK COUNTY POLICE DE-PARTMENT, and Suffolk County Police Officer Paul Friedrich, in his official and individual capacity, Defendants.

No. 01CV6384(ADS).

United States District Court, E.D. New York.

June 22, 2002.

Rosen, Leff, Esq., Hempstead, NY by David M. Fish, Esq., for Plaintiff.

The Suffolk County Attorney's Office by Assistant County Attorney Diane L. Beckmann, Hauppauge, NY, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The plaintiff Lisa Ortiz ("Ortiz" or the "plaintiff") alleges that the defendants the Suffolk County Police Department (the "Police Department") and Police Officer Paul Friedrich of the Police Department ("Friedrich") (collectively, the "defendants") discriminated against her based upon her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983 and the New York State Executive Law. Presently before the Court is a motion by the defendants to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### I. BACKGROUND

The facts are taken from the complaint. In the fall of 1994, the plaintiff began the screening process to enroll as a recruit in the Suffolk County Police Academy (the "Academy"). At that time, the Academy assigned Sherry Algerio to be her investigator during the recruitment process. Shortly thereafter, Edward Metzler replaced Algerio as plaintiff's investigator. However, before being replaced, Algerio warned the plaintiff that she might be given a "hard time" as Algerio herself had experienced harassment within the Police Department.

During the recruitment process, the plaintiff alleges that the Police Department discriminated against her on the basis of her gender. For example, in January of 1995, the Police Department gave her less than one week's notice of her required physical fitness test while it gave other recruits three week's notice and a

detailed written explanation of the test requirements.

In addition, in February of 1995, the Police Department required her to take a second polygraph test because she purportedly answered one question incorrectly on her first polygraph test. After her second polygraph test, the Police Department advised her that she failed the test despite her contention that she answered all the questions truthfully. The Police Department allegedly refused to show her the results of the polygraph without her signing a declaration which would remove her from the Academy. The plaintiff refused to sign the declaration and chose to file a "Section 50 appeal". The Police Department warned her that if she filed a "Section 50 appeal", she would never get a law enforcement job in New York State. Also, Sergeant Tarulli of the Police Department scolded her for not signing the declaration and warned her that no one wins a "Section 50 Appeal".

On March 7, 1995, shortly before the hearing on the plaintiff's "Section 50 Appeal", the Police Department informed her that she may re-join the Academy on March 13, 1995. Nevertheless, the Police Department advised her that if her "Section 50 Appeal" was unsuccessful, the Police Department would have the right to terminate her employment.

In or about March 13, 1995, shortly after her re-entry into the Academy, the Police Department allegedly continued its discrimination against her on the basis of her gender. For example, Police Office Sweeney forced the plaintiff to do push-ups in the parking lot of the Academy after her bag touched the ground. In addition, in front of the recruiting class, the defendant Friedrich asked the plaintiff who was going to take care of her children and how her husband felt about her becoming a police officer. However, Friedrich did not pose these questions to the male recruits who were fathers. Also, the plaintiff was allegedly the only recruit who was required to report her diet each morning to Friedrich.

The plaintiff further alleges that Friedrich told her that she was a "liability" and that she should stay home with her children and not be in the Academy. On one occasion at the Academy, Friedrich allegedly removed her from a class and told her again that she was a "liability" and that she would get either herself or her partner killed; that her children would be without a mother; and there were other jobs better suited for a woman.

The plaintiff next alleges that in late March of 1995, she developed an upper respiratory infection. As a result of her condition, the plaintiff submitted a note from her doctor excusing her from physical duties for a few days. Friedrich refused to accept the note and ordered her to submit additional documentation substantiating her condition. When she submitted a second note, Friedrich allegedly ordered her to stand in an outdoor athletic field without a jacket for more than an hour and a half because the note did not state "full physical duty". The plaintiff claims that Friedrich did not treat the male recruits in the manner that he allegedly treated her.

In or about April of 1995, the plaintiff took a written examination at the Academy. Shortly thereafter, Friedrich and Office Bailey accused her of cheating on the exam. The plaintiff alleges that she did not cheat on the exam and that the accusation was false and motivated by discriminatory animus. On April 7, 1995, the Police Department terminated the plaintiff from her employment effective April 9, 1995. Suffolk County Police Commissioner Peter F. Cosgrove advised the plaintiff that she was terminated for her unsatisfactory work performance, not her alleged

cheating. The plaintiff alleges that she was terminated based upon her gender and marital status.

Before filing this action, the plaintiff allegedly filed a timely charge of discrimination with the New York State Division of Human Rights (the "NYSDHR"). On September 23, 1998, the NYSDHR found that there was probable cause to support her complaint of discrimination against the Police Department. On June 28, 2001, the plaintiff requested that the NYSDHR dismiss her complaint on the ground of administrative convenience so that she may pursue this matter in federal court. On July 24, 2001, the United States Equal Employment Opportunity Commission issued a notice of right to sue.

On September 26, 2001, the plaintiff filed a complaint against the defendants in the United States District Court for the Eastern District of New York. The complaint alleges five causes of action. Count one alleges gender discrimination under Title VII of the New York State Executive Law. Count five seeks injunctive relief enjoining the Police Department from maintaining a policy, practice or custom of discrimination against females and mothers.

On October 30, 2001, the defendants moved to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. On November 1, 2001, the plaintiff's counsel sent a letter to the defendants' counsel with a copy to this Court advising that she withdraws her claims under Section 1983, the New York State Executive Law and the Title VII claim against Friedrich. However, the plaintiff will pursue her remaining claim under Title VII against the Police Department.

## II. DISCUSSION

### A. The Standard

When considering a motion to dismiss pursuant to Rule 12(b)(6), a court may only dismiss if it appears beyond doubt that the plaintiff can prove no set of facts in support of her or his complaint which would entitle her or him to relief. *King v. Simpson,* 189 F.3d 284, 286 (2d Cir.1999); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). A court must accept all well-pled factual allegation in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Koppel v. 4987 Corp.,* 167 F.3d 125, 127 (2d Cir.1999); *Jaghory v. New York State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir.1997).

### B. As to the Claims Withdrawn by the Plaintiff

As stated above, by letter dated November 1, 2001, the plaintiff notified the defendants and this Court that she withdraws the claims under Section 1983, the New York Executive law and the Title VII claim against Friedrich. Based upon this letter, the Court dismisses all of the counts in the complaint except the claim under Title VII against the Police Department.

### C. As to the Title VII Claim

The Police Department argues that the Title VII claim is barred by the doctrine of laches. The doctrine of laches bars a claim where a plaintiff is "guilty of unreasonable and inexcusable delay that has resulted in prejudice to the defendant." *Ivani Contracting Corp. v. City of New York,* 103 F.3d 257, 259 (2d Cir.1997) (internal quotation marks and citation omitted). To dismiss a claim for laches, a defendant must satisfy a two-part test: (1) an unreasonable and inexcusable delay in litigating a claim; and (2) substantial prejudice to the defendant arising out of the delay. *Southside Fair Housing Comm. v. City of New York,* 928 F.2d 1336, 1354 (2d Cir.1991); *Ass'n Against Discrimination*

*in Employment, Inc. v. City of Bridgeport,* 647 F.2d 256, 272 n. 15 (2d Cir.1981).

It is a rare case where the doctrine of laches bars the prosecution of a federal claim that is timely filed under the applicable statute of limitations. *See Ivani Contracting Corp.,* 103 F.3d at 260 ("[S]eparation of powers principles dictate that federal courts not apply laches to bar a federal statutory claim that is timely filed under an express federal statute of limitations.") (internal quotation marks and citations omitted). Indeed, the framework under Title VII "dictates that courts must be circumspect in considering motions for dismissal based on laches in Title VII cases." *Springer v. Partners In Care,* 17 F.Supp.2d 133, 137 (E.D.N.Y.1998); *Tunis v. Corning Glass Works,* 698 F.Supp. 452, 454 (S.D.N.Y.1988) ("This court has placed a strict construction on the element of unreasonable and unexcused delay in the context of Title VII suits.") (internal quotation marks and citations omitted); *Staples v. Avis Rent–A–Car System, Inc.,* 537 F.Supp. 1215, 1219 (W.D.N.Y.1982) ("To allow dismissal of a Title VII action on laches grounds would, except in the most unusual circumstances, do injustice to the intent of the framers of Title VII.").

In this case, the plaintiff allegedly filed a timely charge with the NYSDHR concerning her claim of gender discrimination against the Police Department. Although the plaintiff did not receive her notice of right to sue until about six years after her termination, she timely commenced this action within two months of the receipt of the notice. The delay in commencing her action in federal court is not unreasonable or inexcusable as a matter of law. *See Springer,* 17 F.Supp.2d at 137, 139 (stating that a delay of about ten years before filing a Title VII claim was not unreasonable as a matter of law); *Abidekun v. New York City Transit Auth.,* 1998 WL 296372, at \*3 (E.D.N.Y. June 4, 1998) (holding laches inapplicable where the plaintiff filed her action within ninety days of receiving her right to sue letter more than ten years after filing a charge with the EEOC).

In addition, the Police Department has not established substantial prejudice as a result of the delay in the commencement of this action. The Police Department's contention that unnamed witnesses have difficulty recalling the alleged discriminatory incidents involving the plaintiff and that Commissioner Cosgrove now resides out of state are insufficient reasons to establish substantial prejudice. *See Springer,* 17 F.Supp.2d at 139 ("[M]ere conclusory assertions as to anticipated difficulties in putting on a defense are not sufficient to constitute prejudice for purposes of establishing laches."). Accordingly, the motion to dismiss the claim under Title VII against the Police Department is denied.

### III. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED**, that the plaintiff's claims under Section 1983 and the New York State Executive Law are dismissed with prejudice; and it is further

**ORDERED**, that the claim under Title VII against Police Officer Paul Friedrich is dismissed with prejudice; and it is further

**ORDERED**, that the motion to dismiss the Title VII claim against the Suffolk County Police Department is denied; and it is further

**ORDERED**, that the Clerk of the Court is directed to amend the caption of this case to read as follows:

and it is further

**ORDERED**, that the parties are directed to report to United States Magistrate

Judge Michael L. Orenstein forthwith to set a schedule for the completion of discovery.

**SO ORDERED.**