10-4350-cv
Davis v. Oyster Bay-E. Norwich Cent. Sch. Dist.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

    **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of March, two thousand twelve.**

PRESENT:
            JOHN M. WALKER, JR.,
            GERARD E. LYNCH,
            CHRISTOPHER F. DRONEY,
                        *Circuit Judges.*

_____

Deborah L. Davis,

            *Plaintiff-Appellant*,

        v.                                                              10-4350-cv

Oyster Bay-East Norwich Central School District,

            *Defendant-Appellee.*[*]

_____

---

    [*] The Clerk of Court is respectfully directed to amend the caption as shown above.

FOR APPELLANT:   COSTANTINO FRAGALE, Eastchester, NY (Deborah L. Davis, *pro se*, Amityville, New York, *on the brief*).[1]

FOR APPELLEE:   STEVEN VERVENIOTIS (Kelly C. Spina, *on the brief*), Miranda Sambursky Slone Sklarin Verveniotis LLP, Mineola, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joseph F. Bianco, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Deborah L. Davis appeals from the district court's grant of summary judgment for Oyster Bay-East Norwich Central School District (the "School District"), dismissing her employment discrimination complaint. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review de novo a district court's grant of summary judgment, *see Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003), and its application of res judicata and collateral estoppel principles, *see O'Connor v. Pierson*, 568 F.3d 64, 69 (2d Cir. 2009); *Chartier v. Marlin Mgmt., LLC*, 202 F.3d 89, 93 (2d Cir. 2000). For the reasons articulated by the magistrate judge in his well-reasoned report and recommendation, *see Davis v. Oyster Bay-E. Norwich Cent. Sch. Dist.*, No. 09-cv-1823, 2010 WL 3924681 (E.D.N.Y. June 17, 2010), which the district court adopted in full, *see Davis v. Oyster Bay-E. Norwich Cent. Sch. Dist.*, No. 09-cv-1823, 2010 WL 3855237 (E.D.N.Y. Sept. 28, 2010), Davis's action against the School District was precluded insofar

---

[1] Appellant briefed the case pro se but retained counsel to appear at oral argument. Although counsel's notice of appearance was defective, this Court recognizes counsel's appearance on behalf of Davis in this case.

as she sought to relitigate issues stemming from her first and third complaints filed with the New York State Division of Human Rights ("NYSDHR") or from her termination hearing held pursuant to New York Civil Service Law § 75 ("section 75"),[2] and time-barred insofar as she sought to raise the claim underlying her second NYSDHR complaint. Furthermore, we agree with the district court that even if Davis's claims were not procedurally barred, she would lose on the merits, as she has failed to put forth evidence from which a rational trier of fact could find unlawful retaliation.

Davis contends that the district court was required to conduct a de novo hearing before it accepted the magistrate judge's recommendations. However, the Federal Magistrates Act, *see* 28 U.S.C. § 636(b)(1), "calls for a *de novo* determination, not a *de novo* hearing" of contested issues. *United States v. Raddatz*, 447 U.S. 667, 674 (1980). Nothing in the record suggests that the district court did not conduct a de novo

---

[2] The Supreme Court has held that a New York state court decision affirming a rejection of a discrimination complaint by the NYSDHR is entitled to preclusive effect in a later federal discrimination lawsuit based on the same facts. *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461 (1982). At oral argument, Davis's counsel argued that three of our opinions somehow modify this rule. As we have no authority to disregard binding authority, it is unsurprising that the cited cases are inapposite. In *Vargas v. City of New York*, 377 F.3d 200 (2d Cir. 2004), the issue was whether the *Rooker-Feldman* doctrine prevented the district court from exercising subject matter jurisdiction over the plaintiff's equal protection claim, an issue not presented by this case. Moreover, the Court noted that Vargas had not even raised his equal protection claim in the state court proceeding. *Id.* at 208. In *Owens v. New York City Housing Authority*, 934 F.2d 405 (2d Cir. 1991), "the state court issue – misconduct – was necessarily resolved after a full and fair opportunity to contest it," but that issue "was not the same as the one [that the district court found] to be precluded – job qualification." *Id.* at 409. And in *Sinicropi v. Nassau County*, 634 F.2d 45 (2d Cir. 1980) – which, in any event, preceded *Kremer* – the plaintiff challenged a termination that did not even occur "until more than four months after the last court decision on the merits of her earlier complaint," and thus "no state court ha[d] passed on the merits of appellant's claim of retaliatory termination." *Id.* at 47. In the present case, by contrast, we agree with the district court that Davis "raised, and the state court necessarily determined" the very issues that are presented by her present federal complaint. *Davis*, 2010 WL 3855237, at *4.

3

determination, and the court expressly stated that it did so. In our own de novo review, we find no error in the district court's ruling.

Finally, Davis argues on appeal that she was denied due process at her section 75 hearing and seeks a new termination hearing. However, she did not make that argument to the district court. Indeed, she expressly represented to the district court, in her objections to the magistrate judge's report, that she was *not* seeking to have the findings made by the section 75 hearing officer reversed in this matter, or to relitigate that hearing. Thus, we decline to address her due process claim. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below."); *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1077 (2d Cir. 1993) ("[A] party opposing summary disposition of a case must raise all arguments against such remedy in the trial court and may not raise them for the first time on appeal.").

We have considered Davis's other arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk