**Paul R. HAYES, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–1306.**

United States Court of Veterans Appeals.

Sept. 30, 1991.

---

## ORDER

FARLEY, Associate Judge.

On September 5, 1991, this Court entered an Order which (1) remanded the case; (2) directed that the Board of Veterans' Appeals (BVA) adjudicate a related claim within 90 days; (3) ordered the Secretary to respond within 14 days to a petition for interim benefits; and (4) referred the petition for interim benefits to a panel.

The Order of September 5, 1991, prompted the Secretary to file two motions, each of which was opposed by the appellant. One motion requested an additional seven days to respond to the petition for interim benefits. That motion was granted on September 20, 1991.

The second motion, styled Appellee's Motion for Reconsideration or, in the Alternative, for Review by a Three–Judge Panel, notes that the Secretary "does not object in principle to a remand[,]" but complains that the 90 days is "unrealistic." The Court will grant the motion of the Secretary and will reconsider its order that review be completed within 90 days. However, having reconsidered the Order, the Court concludes that the original 90–day deadline should remain in force. In the context of this case, the Secretary's request that additional time be granted is, at

best, premature, and lacking in substantiation; moreover, there is no indication that there has been even an initial attempt to comply.

The Secretary argues that the Court's original Order was "unrealistic" because of delays inherent in the Department of Veterans Affairs' (VA) administrative processes: "ordering, scheduling, and completing a medical examination; obtaining consent forms and requesting additional medical evidence; taking additional rating action, sending supplemental statement of the case to the claimant, and awaiting a response." These delays appear to be expected to derive from two potential sources: the operations of the DVA and the action, or inaction, of the claimant.

With respect to the delays believed by the Secretary to be inherent in the VA's processes, this Court does not assume, and the Secretary should not presume, that "business as usual" defines the timetable for actions directed by the Court. As appellant specifically points out in his opposition, "[i]t is incomprehensible that the Office of the General Counsel would propose to this Court that it needs 30 days from the date of a court order remanding a case to the Board to arrange for a messenger to travel a few blocks across town to deliver the claims file and pleadings to the Board." If, however, as the 90–day deadline approaches, the Secretary believes that it is necessary to seek additional time, a motion supported by reasons for the additional time which are specific to this particular case, and with which appellant may take issue, may be filed. The Court cannot condone and will not permit the institutionalization of prophylactic delays.

Delays due to the action or the inaction of the claimant well could serve as grounds for an extension. However, in light of this appellant's opposition to this motion, and given this appellant's "acute personal circumstances," the prospect of such delays would appear to be highly unlikely. In any event, while the documented fact that a claimant's inaction has "tie[d] the hands of the Board" could well justify an extension, the mere statement that such inaction might occur does not.

The Secretary's alternative request for a panel review of the interlocutory Order also is premature. Pursuant to Rule 35(b) of the Court's Rules of Practice and Procedure, a party may indeed file a motion for review of "a *case* decided by a single judge" by a panel of the Court. (Emphasis added.) However, a distinction must be drawn between the final case decision and the determination of a procedural motion during the pendency of a case. Interlocutory decisions on motions addressed to procedural events occurring or not occurring during the course of a case are not the type of decisions contemplated by the Rule 35(b). *Cf. Van Cauwenberghe v. Biard*, 486 U.S. 517, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988). Accordingly, the Secretary's alternative motion for review of the single judge September 5, 1991, Order, by a three-judge panel will be denied.

Upon consideration of the foregoing, it is

ORDERED that the Secretary's motion for reconsideration of the Order of September 5, 1991, is granted; it is further

ORDERED that the Secretary's motion for review of the Order of September 5, 1991, by a three-judge panel is denied; and it is further

ORDERED that, upon reconsideration, the Board shall resolve the claim for post traumatic stress disorder (PTSD) and the claim for panic disorder within 90 days from the date of the Order of September 5, 1991. This period is to include any further remand to the Regional Office for further examination or adjudication as the Board deems appropriate.