**Robert J. GRIX, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 91–534.

United States Court of Veterans Appeals.

Aug. 20, 1992.

Order on Motion to Set Aside, see 3 Vet.App. 221.

Before IVERS, Associate Judge.

ORDER

This matter is before the Court on several motions by the parties:

1 Appellant's Motion To Chief Judge for the Recusal of Judge Ivers, filed March 25, 1992;

2 Appellant's Request for Oral Argument, filed April 23, 1992;

3 Appellant's Motion to Submit Affidavits, filed April 23, 1992;

4 Appellant's Amended Counter designation of the Record, filed April 23, 1992;

5 Appellee's Amended Motion for an Order to Show Cause on a Rule 10 Issue and to Stay Proceedings, filed June 22, 1992;

6 Appellant's Motion for a Declaration of Oath, filed July 7, 1992;

7 Appellant's Supplement of Motion to Show Cause and Supplement of Motion to Dismiss filed July 21, 1992.

The case on appeal to this Court is the veteran's appeal from a decision of the Board of Veterans' Appeals (BVA or Board) dated December 4, 1990. *Robert J.*

*Grix,* BVA 90–41280 (Dec. 4, 1990). In that decision, the BVA denied appellant's claims for service connection for liver cancer, bone cancer, gall bladder cancer, cancer of the mouth and hepatitis. As part of the evidence in that case, the BVA states that "[t]he veteran's four-volume claims file considered by the Board includes the following evidence:" and then proceeds to identify specific items from the file. *Grix,* BVA 90–41280 at 2–3.

Appellant has sought service connection for a number of medical problems over the years including bleeding facial moles, lumps in the testicle, blood problems, cysts of the back, hands and feet, lung condition, cervical spine radiculopathy, post-operative residuals of cholelithiasis with cholecystitis, low back pain, degenerative bones of the entire body, post-operative residuals of bilateral knee conditions, all as chronic disabilities secondary to exposure to ionizing radiation. Appellant has also sought service connection for the residuals of exposure to chlorophenothane (DDT), a chronic brain disorder and chronic disabilities manifested by memory loss, depression, anxiety, lightheadedness, fatigue, headaches, immune deficiency, premature aging, the loss of feeling in the hands and feet, and residuals of coral poisoning. R. at 51. Appellant has been found to be service-connected for Bronchial Asthma—Asthmatic Bronchitis. R. at 92. Claims for service connection for these disabilities are not before the Court on this appeal. Again, the only claims before this Court are those for service connection for liver cancer, bone cancer, cancer of the mouth, and hepatitis as considered by the BVA and decided in its opinion dated December 4, 1990.

The Court will construe appellant's Motion to Chief Judge for the Recusal of Judge Ivers as a motion for reconsideration and review of this Court's denial of appellant's earlier (March 12, 1992) Motion for Recusal of Judge Ivers. This Court's rules do not provide for, nor contemplate a Motion to the Chief Judge regarding recusal of an individual member of the Court. U.S. Vet.App.R. 27, 35. Furthermore, the Court's earlier order denying appellant's

motion for recusal is not the type of decision contemplated by Rule 35(b) of the Court's Rules of Practice and Procedure. That rule permits panel review of single-judge decisions which go to the merits of a claim. Appellant's motion is not one which goes to the merits of his claim. *Cf. In re Cement Antitrust Litigation,* 673 F.2d 1020 (9th Cir.1982) (parties have no protectable interest in the continued exercise of jurisdiction by a particular judge, citing *Hampton v. City of Chicago,* 643 F.2d 478 (7th Cir.1981)); *see also Kushindana v. Derwinski,* 2 Vet.App. 73, 74 (order denying motion for panel review, July 26, 1991, as amended Feb. 11, 1992) and *Hayes v. Derwinski,* 1 Vet.App. 482, 483 (order denying motion for panel review, Sept. 30, 1991) (interlocutory decisions on motions are not the type of decisions contemplated by Rule 35(b)).

Appellant has requested oral argument. This case is not yet fully at issue. Therefore, appellant's request for oral argument will be held in abeyance until such time as the case is fully at issue.

■ In his Motion to Submit Affidavits, appellant appears to be offering material that would supplement the record on appeal and yet, may not be part of the record "before the Secretary [of Veterans Affairs (Secretary)] and the Board." 38 U.S.C. § 7252(b) (formerly § 4052(b)); *Rogozinski v. Derwinski,* 1 Vet.App. 19 (1990) (review in the Court shall be on the record of proceedings before the Secretary and the BVA). Both items 1 and 4 of appellant's list of materials postdate the December 4, 1990, BVA decision on appeal here and cannot, therefore, be made part of the record before this Court. *Rogozinski,* 1 Vet. App. 19. Item 4, "Judge Marilyn Hall Patel's 'Findings of Fact and Conclusions of Law in reference to *NARS v. Derwinski* 778 F.Supp. 1096 dated 21 November 1991'" is part of the record of proceedings before Judge Patel, constitutes her findings in those proceedings and may be referred to by appellant in his presentations to this Court, but is not made a part of the record on appeal in this case.

Item 2 of appellant's list, American Cancer Society's articles, contains 3 articles which do not appear to be part of the record "before the Secretary and the Board" and thus cannot be made part of the record before this Court. 38 U.S.C. § 7252(b); *Rogozinski,* 1 Vet.App. 19.

Item 3 of appellant's list, "Doctor Frank Melichar's report", likewise does not appear to be part of the record "before the Secretary and the Board" and thus cannot be made part of the record before this Court. 38 U.S.C. § 7252(b); *Rogozinski,* 1 Vet.App. 19.

The Secretary has filed a motion seeking an order to show cause on a Rule 10 issue, seeking the exclusion of a number of documents cited in appellant's Amended Counterdesignation of Record, asserting that a thorough search has failed to locate those documents in the record before the Secretary and the Board. In his response to the Secretary's motion, appellant submits a number of documents along with affidavits by his wife and daughter verifying that the documents which the Secretary seeks to exclude were included in packets submitted to the Board of Veterans' Appeals.

The record currently before the Court reflects that appellant, during various proceedings below, has accumulated, in his claims file, a substantial number of documents, variously referred to or identified as "veteran's four-volume claims file" (*Grix,* BVA 90–41280, at 2); "a bound packet, ... in excess of 2–½ inches tall" (R. at 139); "a variety of literature" (R. at 140); "the number of documents furnished subsequent to the hearing" (R. at 144); and, "a considerable amount of evidence." (R. at 166). Appellant has submitted affidavits in which he and his wife and daughter attest that the documents identified in his counter-designation of record (CDR) and amended CDR were before the Secretary and the Board. The Court is, thus, left with no alternative, but to grant appellant's CDR and direct that the Clerk return the record to the Secretary and that the Secretary incorporate into the record on appeal those items to which the Secretary has interposed no objection and those items submitted by appellant in connection with his "Motion for a Declaration of Oath" and his response to

the Secretary's Motion to Show Cause on a Rule 10 Issue and to Stay Proceedings. Such incorporation will be without duplication where possible.

While the Court has permitted appellant wide latitude in entering material into the record in this case, appellant is cautioned that, as a layman, he lacks the requisite medical knowledge and expertise to offer probative material evidence with respect to a medical issue. This Court has noted, in *Espiritu v. Derwinski,* 2 Vet.App. 492, 495 (1992), that

... the United States Court of Appeals for the District of Columbia, in *Frye v. United States,* 293 F. 1013, 1014 (1923), quoted with approval the following:

The rule is that the opinions of experts or skilled witnesses are admissible in evidence in those cases in which the matter of inquiry is such that inexperienced persons are unlikely to prove capable of forming a correct judgment upon it, for the reason that the subject-matter so far partakes of a science, art, or trade as to require a previous habit or experience or study in it, in order to acquire a knowledge of it. *When the question involved does not lie within the range of common experience or common knowledge, but requires special experience or special knowledge, then the opinions of witnesses skilled in that particular science, art, or trade to which the question relates are admissible in evidence.*

(Emphasis added in *Espiritu.*) The issue before this Court will not be the credibility of appellant, but his competence to proffer expert medical opinion as to those disabilities which he claims and their origin in service.

Upon consideration of the foregoing, it is

ORDERED that appellant's motion for reconsideration or review of the Court's order denying the motion for recusal of Judge Ivers is denied. It is further

ORDERED that appellant's request for oral argument is held in abeyance until further order of the Court. It is further

ORDERED that appellant's motion to submit affidavits is denied. It is further

ORDERED that the Secretary's motion for an order to show cause on a Rule 10 issue and to stay proceedings is denied. It is further

ORDERED that appellant's motion for a declaration of oath is granted and the documents appended thereto will be incorporated into the record as set forth above. It is further

ORDERED that appellant's supplement of motion to show cause and supplement of motion to dismiss is granted and the documents appended thereto will be incorporated into the record as set forth above. It is further

ORDERED that the Secretary shall file the newly constituted record on appeal with the Court not later than 45 days from the date of this order.