Robert J. GRIX, Appellant,

v.

Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.

No. 91–534.

United States Court of Veterans Appeals.

Oct. 19, 1992.

Before IVERS, Associate Judge.

## ORDER

On August 20, 1992, the Court granted appellant's counter designation of the record (CDR) and directed the Secretary of Veterans Affairs (Secretary) to incorporate into the record on appeal those items to which the Secretary has not interposed an objection and those items submitted by appellant in connection with appellant's "Motion for a Declaration of Oath" and the Secretary's motion to show cause on a Rule 10 issue and to stay proceedings. On September 3, 1992, the Secretary filed a motion to set aside the Court's order dated August 20, 1992, 3 Vet.App. 218, or, in the alternative, to stay proceedings in the instant case. The Secretary asserts that the Court's order directing the Secretary to include in the record on appeal items that the Secretary has declared are not in appellant's claims folder is in contravention of this Court's decision in *Rogozinski v. Derwinski*, 1 Vet.App. 19 (1990). The Court disagrees.

On September 15, 1992, appellant filed a motion seeking sanctions and dismissal of the Secretary's motion to set aside the Court's order granting appellant's counter designation or, in the alternative, a stay of proceedings. On October 1, 1992, appellant filed a motion protesting further delays by the Secretary and requesting that the Secretary provide a certified transcript of the most recent Board of Veterans' Appeal (BVA or Board) hearing or withdraw from the case. On October 2, 1992, the Acting Secretary of Veterans Affairs (Secretary) filed a response to appellant's motion to dismiss. On October 5, 1992, appellant filed an amendment to his motion to dismiss. On October 9, 1992, the Secretary filed a renewed motion to set aside the Court's order of August 20, 1992. On October 15, 1992, appellant filed a response to Secretary's response to appellant's motion to dismiss and to award sanctions.

In his renewed motion, the Secretary distinguishes the instant case from *Bell v. Derwinski*, 2 Vet.App. 611 (1992) (per curiam order). The Court agrees that the situation in *Bell* is inapposite here and reminds the Secretary that, as was stated in *Bell*, "[t]he Court is not suggesting that appellant's entire claim file must be submitted to the Court in this or any other case." *Bell*, at 613. However, based on the facts in this particular case, where the record before the Court reflects that appellant, in proceedings below, submitted to the Department of Veterans Affairs (formerly Veterans' Administration) (VA), and that the VA accepted, numerous documents for incorporation into the veteran's claim file (R. at 139–40, 144, 166; *Robert J. Grix*, BVA 90–41280, at 2 (Dec. 4, 1990)), and where appellant submits affidavits attesting that the documents in his CDR and amended CDR were submitted to the Secretary and the Board, and where, in response to this evidence, the Secretary interposes no objection to these documents except the statement of his representative, VA General Counsel Paralegal Adrienne D. Thompkins, that the documents "could not be located" (Declaration of Adrienne D. Thompkins, Exhibit A of Secretary's June 22, 1992, Amended Mot. for an Order to Show Cause), the Court has no alternative but to grant appellant's CDR.

Accordingly, because the Secretary has not convinced the Court that its order dated August 20, 1992, is in contravention of *Rogozinski*, 1 Vet.App. 19, it is

ORDERED that the Secretary's motion to set aside, and his renewed motion to set aside, the Court's order dated August 20, 1992, is denied. The Secretary shall file the newly constituted record on appeal with

the Court not later than 15 days after the date of this order. It is further

ORDERED that appellant's motion seeking sanctions, dismissal of the Secretary's motion to set aside the Court's order dated August 20, 1992, or, in the alternative, a stay of proceedings, is denied. It is further

ORDERED that appellant's motion requesting a certified transcript of the most recent BVA hearing is granted. A transcript of the BVA hearing will be included in appellant's copy of the record on appeal.