**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ernestine Audry JAMES, aka Ernestine James, Defendant–Appellant.**

No. 96–30081.

United States Court of Appeals,
Ninth Circuit.

July 6, 1998.

Before: NOONAN, THOMPSON and KLEINFELD, Circuit Judges.

Defendant-appellant's petition for rehearing with suggestion for rehearing en banc is stricken as untimely.

Federal Rule of Appellate Procedure 40(a) says a petition for rehearing may be "filed" within 14 days after entry of judgment. Our opinion was filed March 24, so the petition was due April 7. A clerk's order on behalf of the court granted an extension at appellant's request "of 21 days until April 28."

The petition for rehearing was filed late. It has a file stamp on it saying that it was filed with the clerk on May 4. The clerk on that date, subsequent to April 28, had authority only to lodge the petition in the file, not to file it. Federal Rule of Appellate Procedure 25(a)(2)(A) says "filing is not timely unless the clerk receives the papers within the time fixed for filing." Where the papers are mailed to the clerk, but not received by the clerk, by the end of the time period for filing, this rule compels the conclusion that filing is untimely.

It does not matter that the petition was served on opposing counsel on April 28, as the papers indicate, and perhaps mailed to the court on that date. It was due to be "filed" April 28 and was not. Timely service does not obviate the need for timely filing.

The additional three days added to "a prescribed period after service of a paper on that party" under Federal Rule of Appellate Procedure 26(c), accounts for expected mail delays when a time period runs from the date of service. This rule does not change the requirement that by the end of the period so lengthened, the paper be filed and not merely served. Nor does it affect filing deadlines that do not run from "service of a paper upon that party." For petitions for rehearing, the time runs from "entry of judgment," under Federal Rule of Appellate procedure 40(a). The special rule for inmate filings, Federal Rule of Appellate Procedure 25(a)(1)(C), has no application to a paper filed by counsel, as here.

Lawyers on all sides and judges rely on the clarity of deadlines for filing, and cannot afford to have them muddied up by confusion with mailing or service. Counsel like to have a date certain when they can ascertain that something is unopposed. Sometimes when a motion is well taken, opposing counsel do not ask for authority from their clients to stipulate to it, but purposely let the filing date pass without filing opposition, and then the judge acts on the motion as unopposed the next day. And prudent lawyers typically "walk the papers through" when filings are made close to the deadline. Everybody benefits from clarity and certainty.