**ELGARD CORPORATION,**
**Plaintiff–Appellant,**

v.

**BRENNAN CONSTRUCTION COMPANY, Defendant–Third–Party–Plaintiff–Appellees,**

**American Insurance Company,**
**Defendant–Appellee**

**Robert C. Adams, Debra E. Adams, and R.C. Adco, Inc., Third–Party–Defendants.**

No. 05–5947–cv.

United States Court of Appeals, Second Circuit.

Sept. 24, 2007.

William J. Egan, Barbara E. Crowley, Egan & Crowley, P.C., New Haven, CT, for Appellant.

Daniel J. Klau, Pepe & Hazard LLP, Hartford, CT, for Appellees.

PRESENT: ROGER J. MINER, JOSÉ A. CABRANES, and CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

In this appeal in a diversity case, plaintiff-appellant Elgard Corporation ("plaintiff" or "Elgard") challenges the District Court's denial of its motion for a recalculation of post-judgment interest and offer-of-judgment interest on attorneys' fees subsequent to a Court of Appeals ruling that plaintiff was entitled to pre-judgment interest and attorneys' fees. We dismiss the case without reviewing the merits because of the appellant's egregious lapses in appellate protocol.

From the beginning this appeal has been a study in sloppy paperwork, incomplete filing, and late filing by plaintiff Elgard's counsel. Plaintiff filed its notice of appeal on November 2, 2005, at which time plaintiff was told that Form C (Civil Appeal Pre–Argument Statement) and Form D (Civil Appeal Transcript Information) were to be filed by November 11, 2005. Plaintiff filed defective Forms C and D on November 15, 2005. Plaintiff then was informed that it would also need to file a motion to file the forms out of time by November 30, 2005. It filed the corrected forms and the motion on November 30, 2005 which was granted January 5, 2006. When it filed its Form D on November 30, 2005, Elgard certified that it was ordering a copy of the oral argument before the District Court, which had occurred on May 23, 2005. However, the official district court docket indicates that the transcript was not filed until April 19, 2006. The first scheduling order was filed January 17, 2006, which ordered plaintiff to file the index to the record on appeal, a certified copy of the docket entries, and the clerk's certificate on or before February 14, 2006. Plaintiff was also ordered to file its brief and joint appendix on or before February 21, 2006. Plaintiff did not file the index to the record on appeal until February 16

(two days late, and after a reminder from the Clerk's Office) and the index it filed was prepared by counsel, rather than by the District Court which is the proper source of the index. It filed a brief on February 21, albeit a defective one. On March 29, 2006, opposing counsel filed a motion to dismiss the appeal because of the many procedural irregularities, which was referred to this panel on April 6, 2006. Plaintiff has yet to respond to this motion. On June 16, 2006, the Clerk of Court sent a letter to plaintiff ordering it to transmit the index of the record on appeal immediately. Elgard complied on June 21, 2006 by sending the index electronically. Parties were notified on July 30, 2007 that oral argument before the Court of Appeals was set for September 17, 2007. Elgard's counsel failed to appear at oral argument and sent no word that they would not be attending oral argument.

We have often noted the importance of following proper procedures in the efficient administration of justice and have imposed sanctions accordingly. "The timetable for processing appeals normally requires faithful compliance." *Hertzner v. Henderson,* 292 F.3d 302, 306 (2d Cir.2002). *See, e.g., McHale v. United States,* 175 F.3d 115, 117 (2d Cir.1999) (noting dismissal of prior appeal for counsel's failure to comply with scheduling order); *United States v. James,* 146 F.3d 1183, 1184 (9th Cir.1998); *see generally United States v. Raimondi,* 760 F.2d 460, 462 (2d Cir.1985) ("The lawyer who assumes this Court will relieve him of an onerous but manageable deadline ... does so at his own peril.") (footnote omitted). "[C]ourts have an interest in expediting litigation, [and] abuses of process may be prevented by enforcing those defaults that arise from egregious or deliberate conduct," *American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.,* 92 F.3d 57, 61 (2d Cir.1996) (internal citation omitted).

Plaintiff's failure to appear at oral argument in an appeal it initiated is well beyond a mere irregularity in following Court rules. "[C]ertain conduct, such as intentionally failing to appear as required at judicial proceedings, is so inherently obstructive of the administration of justice that it is sufficient that [the party] willfully engaged in the underlying conduct, regardless of any additional purpose." *United States v. Reed,* 88 F.3d 174, 178 (2d Cir.1996) (affirming the District Court's finding that defendant had willfully failed to appear for sentencing as required under plea agreement, warranting increase in offense level based on obstruction of justice). "Normally, the conduct of an attorney is imputed to his client, for allowing a party to evade 'the consequences of the acts or omissions of [ ]his freely selected agent' 'would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent.'" *S.E.C. v. McNulty,* 137 F.3d 732, 739 (2d Cir.1998) (quoting *Link v. Wabash R. Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). As we explained in *McNulty,* a court may find a default to have been willful where the conduct of counsel or the litigant was "egregious and was not satisfactorily explained." *Id.* at 738–39.

> [D]efaults have been found willful where, for example, an attorney failed, for unexplained reasons, to respond to a motion for summary judgment, *see United States v. Cirami,* 535 F.2d 736, 739 (2d Cir.1976)[ ]; or failed, for flimsy reasons, to comply with scheduling orders, *see, e.g., Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 666 (2d Cir. 1980); or failed, for untenable reasons, after ... "purposely evad[ing] service for months," to answer the complaint, *Commercial Bank of Kuwait v. Rafidain Bank,* 15 F.3d [238] 243–44 [ (2d Cir.1994) ]; or failed, for incredible rea-

sons, to appear for a scheduled pretrial conference and unaccountably delayed more than 10 months before moving to vacate the ensuing default, *see Dominguez v. United States,* 583 F.2d 615, 618 (2d Cir.1978) (per curiam), *cert. denied,* 439 U.S. 1117, 99 S.Ct. 1023, 59 L.Ed.2d 76 (1979).

*McNulty,* 137 F.3d at 738–739.

We have interpreted "willfulness," in the context of a default, to refer to conduct that is more than merely negligent or careless. *Id.* at 738 (citing *American Alliance,* 92 F.3d at 61) (default due to filing mistake by defendant's in-house counsel's clerk, held not willful); *Davis v. Musler,* 713 F.2d 907, 915–16 (2d Cir.1983) (default due to failure to note that complaint in second suit, served simultaneously with subpoenas and deposition notices in similar first suit, initiated a new lawsuit, may be found nonwillful); *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 97 (2d Cir.1993) (failure to answer second amended complaint should be held nonwillful if *pro se* defendant, who had timely answered prior complaints and promptly opposed motion to enter default, did not, as he claimed, receive second amended complaint).

In light of the multiple failures to observe the rules and orders of this Court outlined above, we DISMISS plaintiff's appeal WITH PREJUDICE.