10-0528-cv
Esbin & Alter, LLP v. Zappier

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19ᵗʰ day of May, two thousand ten.

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT A. KATZMANN,
> > *Circuit Judges,*
> J. GARVAN MURTHA,
> > *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ESBIN & ALTER, LLP,

>  *Plaintiff-Appellant,*

> v.                                        No. 10-0528-cv

PAUL ZAPPIER, ADVANCED TRADE SETTLEMENT, LLC, SABHARWAL, GLOBUS & LIM, LLP, RAD TECHNOLOGIES, INC.,

>  *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**              DANIEL STUART ALTER, Alter & Alter LLP, New York, NY.

**FOR APPELLEES:**              PAUL M. FAKLER, Moses & Singer LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York

---

[*] The Honorable J. Garvan Murtha, United States District Court for the District of Vermont, sitting by designation.

(Robert W. Sweet, *Judge*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal be **DISMISSED.**

Plaintiff Esbin & Alter, LLP appeals from the February 4, 2010 order of the District Court granting, in part, plaintiff's request for a preliminary injunction. Plaintiff filed a notice of appeal on February 17, 2010. After plaintiff filed its notice of appeal, defendant timely filed a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. That motion is currently pending before the District Court. We assume parties' familiarity with the facts and procedural history of this case.

First, we consider whether we have jurisdiction to consider this appeal. Rule 4(a)(4)(B)(i) of the Federal Rules of Appellate Procedure states that "[i]f a party files a notice of appeal after the court announces . . . a judgment—but before it disposes of [a Rule 59(e) motion]—the notice becomes effective to appeal a judgment or order . . . when the order disposing of the last such remaining motion is entered." *See also New Windsor Volunteer Ambulance Corps., Inc. v. Meyers*, 542 F.3d 101, 120 (2d Cir. 2006) (stating that "the notice of appeal simply does not become effective before an order disposing of [the pending Rule 59] motion has been entered"). Because the notice of appeal is not yet effective, we do not have jurisdiction to consider this appeal. *See Hertzner v. Henderson*, 292 F.3d 302, 303-04 (2d Cir. 2002).

Accordingly, this appeal is **DISMISSED** without prejudice to plaintiff filing a second notice of appeal upon the District Court's resolution of the pending Rule 59(e) motion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk