**Angelina SINICROPI,**
**Plaintiff–Appellant,**

v.

**Louis J. MILONE, as Former Director of Probation, Robert J. Bennett, as Former Deputy Director of Probation, and as Acting Director of Probation, Nassau County Probation Department and County of Nassau, Defendants–Appellees.**

**No. 77, Docket 90–7237.**

United States Court of Appeals, Second Circuit.

Argued Aug. 29, 1990.

Decided Sept. 19, 1990.

William D. Friedman, Hempstead, N.Y., for plaintiff-appellant.

Barbara–Ann Roberto, Mineola, N.Y. Deputy County Atty. of Nassau County (Robert W. Schmidt, County Atty. of Nassau County, Atty. for all Nassau County defendants-appellees, William S. Norden, Bureau Chief of Law & Appeals, of counsel), for defendants-appellees.

E.E.O.C., Washington, D.C. (Charles A. Shanor, Gen. Counsel, Gwendolyn Young Reams, Associate Gen. Counsel, Lorraine C. Davis, Asst. Gen. Counsel, Barbara L. Sloan, Atty., of counsel), for plaintiff-appellant as amicus curiae.

Before FEINBERG and CARDAMONE, Circuit Judges, CABRANES, District Judge.*

FEINBERG, Circuit Judge:

Angelina Sinicropi appeals from a judgment of the United States District Court for the Eastern District of New York, Raymond J. Dearie, J., dismissing her amended complaint against her former employer, Nassau County, the agency in which she was employed, the Nassau County Probation Department (the Department), and former and present supervisory personnel of the Department. Appellant alleged that she was terminated from her position at the Department because of race and sex discrimination and in retaliation for her claims of discrimination, and that she was denied procedural due process in the hearings in which she appealed her termination, in violation, inter alia, of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e

et seq., the United States Constitution and 42 U.S.C. § 1983. Judge Dearie dismissed the amended complaint on the ground that the claims were barred by collateral estoppel.

The prior litigation involving these parties in the state and federal courts is extensive. The proceedings leading up to *Sinicropi v. Nassau County*, 634 F.2d 45 (2d Cir.1980) (*Sinicropi II*) are described therein, and we held there that the proceedings involved in *Sinicropi v. Nassau County*, 601 F.2d 60 (2d Cir.) (*Sinicropi I*), cert. denied, 444 U.S. 983, 100 S.Ct. 488, 62 L.Ed.2d 411 (1979), did not bar on res judicata grounds some of the claims appellant is now pursuing in the amended complaint. Upon remand after our decision in *Sinicropi II*, the district court stayed the present suit pending final adjudication of appellant's state appeals and gave appellant the opportunity to amend her complaint.

In 1985, after completion of the state court proceedings, see *Sinicropi v. Bennett*, 66 N.Y.2d 757, 497 N.Y.S.2d 1027, 488 N.E.2d 119 (1985), the district court granted appellees' motion to dismiss the first, second and fourth causes of action in the amended complaint on res judicata grounds, but denied the motion to dismiss the third cause of action, a sex discrimination claim involving acts prior to appellant's termination. In late 1986, the district court dismissed the third, and remaining, cause of action as time-barred. After appellant appealed these dismissals, the parties entered into a stipulation, dated December 12, 1986, whereby appellant agreed to withdraw her appeal as to the third cause of action and appellees agreed to withdraw their affirmative defenses of res judicata and collateral estoppel as to the first, second and fourth causes of action (the Stipulation). The district court approved the Stipulation in an order dated January 13, 1987, which recited the terms of the Stipulation and restored the case to the district court's trial calendar "for trial consistent with this stipulation."

* Honorable José A. Cabranes, United States District Judge for the District of Connecticut, sitting by designation.

In January 1988, appellees moved for summary judgment, again asserting the defenses of res judicata and collateral estoppel despite the Stipulation. In February 1990, at a conference in open court during which the Stipulation was not addressed by anyone, Judge Dearie concluded that appellant's procedural due process claims were barred because they had been fully litigated in her state court appeals, and then without mentioning the discrimination and retaliation claims, the judge dismissed the entire suit. The district court then entered an order dismissing the complaint on the ground of "collateral estoppel or issue preclusion" for the reasons stated in open court, again without mention of the Stipulation. This appeal followed.

■■■ Appellant's first argument to us is that the district court erred in granting summary judgment to appellees on the ground of collateral estoppel or issue preclusion because the Stipulation waived this defense. It is clear that a court is not always bound by a stipulation. A court, for example, is not bound to accept stipulations regarding questions of law, *Estate of Sanford v. Commissioner of Internal Revenue*, 308 U.S. 39, 51, 60 S.Ct. 51, 59, 84 L.Ed. 20 (1939), nor may the parties create a case by stipulating to facts that do not exist. *PPX Enterprises, Inc. v. Audiofidelity, Inc.*, 746 F.2d 120, 123 (2d Cir.1984). A district court may also disregard a stipulation if it would be manifestly unjust to enforce the stipulation. Id. We do not find any of these circumstances present here.

■■■ Courts generally enforce stipulations that narrow the issues in a case. See, e.g., *Berkman v. City of New York*, 705 F.2d 584, 587 n. 2 (2d Cir.1983); *United States v. Mohel*, 604 F.2d 748, 753 (2d Cir.1979). Res judicata and collateral estoppel are affirmative defenses. See Fed.

R.Civ.P. 8(c); *DeCintio v. Westchester County Medical Center*, 821 F.2d 111, 116 n. 10 (2d Cir.), cert. denied, 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987). Appellees, by agreeing to waive these affirmative defenses, narrowed the issues before the court. Cf. Fed.R.Civ.P. 16(c)(1). Thus, the Stipulation is of the type that courts ordinarily enforce, and it does not, as appellees argue, require the district court to apply an improper standard of law.

■■■ Appellees argue that it would have been manifestly unjust for the district court to enforce the Stipulation. There is nothing in the record, however, indicating that appellees did not knowingly and voluntarily enter into the Stipulation. Indeed, the Stipulation referred to a recent decision of this court as being "directly on point" on the issues of res judicata and collateral estoppel that appellees agreed to withdraw. Moreover, appellant agreed to forego her appeal of the 1986 district court order dismissing the third cause of action in the amended complaint in exchange for appellees' agreement to waive their defenses of res judicata and collateral estoppel to the remaining causes of action. Appellant has therefore relied upon the Stipulation to her detriment. On the record before us, we do not see the manifest injustice that would occur if appellees were forced to fulfill their obligations under the Stipulation. Cf. *Mangaroo v. Nelson*, 864 F.2d 1202, 1204–05 (5th Cir.1989) (party equitably estopped from contesting issue to which it had stipulated when other party to stipulation had relied upon it with substantial detriment).

It is true that appellees in their papers filed in the district court in January 1988 apparently argued that the district court could grant their motion based upon res judicata and collateral estoppel. In this court, they repeat the contention, which is reproduced in relevant part in the margin.[1]

---

**1.** In a post-argument letter to this court, sent at our request, appellees simply quoted from their papers in the district court which stated:

It is specifically understood that the doctrine of *res judicata* and *collateral estoppel* which were granted by [the district court] in this matter initially in dismissing causes of action, First, Second and Fourth of the

amended complaint are no longer binding on this Court, all as set forth in the stipulation annexed to the motion papers of the plaintiff herein and that this Court may on its own decide whether any constitutional violations did take place with respect to any of the allegations as set forth in the First and Second Causes of Action, but it is respectfully sub-

We are baffled by appellees' claim, and on the possibly incomplete record before us find it meritless.

Under the circumstances, the district court was required to enforce the Stipulation. A party to a stipulation is not entitled to withdraw from the agreement unilaterally and can only obtain such relief by court action. *United States v. New England Teamsters and Trucking Industry Pension Fund*, 737 F.2d 1274, 1278 (2d Cir.1984). The Stipulation, however, had already been approved by the district court, and it never vacated the prior order approving the Stipulation. The district court thus had a "duty to enforce the stipulation which it had approved." *Sanchez v. Maher*, 560 F.2d 1105, 1108 (2d Cir.1977).

Accordingly, we conclude that the judgment of the district court must be reversed. We express no view on the merits of appellant's amended complaint and hold only that the district court erred by not enforcing the Stipulation. The case is remanded for further proceedings consistent with this opinion.

mitted to the Court that the stipulation as heretofore set forth on the question of *res judicata* and *collateral estoppel* as set forth in the stipulation annexed to plaintiff's motion papers, does not apply to *res judicata* and *collateral estoppel* being applicable when the

very issues brought forth in said motion papers, have been denied a writ of certiorari by the Supreme Court of the United States but is only applicable to decisions made by the State courts of New York.