## COMPANIA TRASATLANTICA ESPANOLA, S.A., Appellant,

v.

## HARTFORD ACCIDENT & INDEMNITY COMPANY, and National Union Fire Insurance Company of Pittsburgh, Pa., Appellees.

No. 370, Docket 91–7624.

United States Court of Appeals, Second Circuit.

Argued Oct. 22, 1991.

Decided Dec. 4, 1991.

L. Kevin Sheridan, Smithtown, N.Y. (Michael D. Martocci, New York City, and Sam D. Delich, and Graham & James, San Francisco, Cal., on the brief) for appellant.

Philip C. Silverberg and John M. Speyer, New York City (Mound, Cotton & Wollan and Speyer & Perlberg, on the brief) for appellees.

Before TIMBERS, WINTER and WALKER, Circuit Judges.

TIMBERS, Circuit Judge:

Appellant Compania Trasatlantica Espanola, S.A. (CTE) appeals from an unreported order entered June 12, 1991, in the Southern District of New York, John E. Sprizzo, *District Judge,* denying its motion to extend its time for filing its notice of appeal based upon a claim of "excusable neglect". In conjunction with this appeal, CTE also has filed a motion in this Court seeking an alternative form of relief. It

requests us to vacate a stipulation of the parties permitting CTE to withdraw a previously filed notice of appeal. Since we agree with CTE that this previously filed notice of appeal should be reinstated, we do not reach the issue raised on appeal as to whether the district court erred in not finding "excusable neglect" in the tardy filing of a subsequent notice of appeal.

## I.

We shall summarize only those facts and prior proceedings believed necessary to an understanding of the issues raised on appeal and on the pending motion.

CTE commenced an action seeking a declaratory judgment of insurance coverage on the part of appellees Hartford Accident & Indemnity Company (Hartford) and National Union Fire Insurance Company of Pittsburgh, Pa. (National). CTE's complaint also sought in the district court action a declaration of coverage on the part of Fireman's Fund Indemnity Corporation (Fireman's). The district court granted Hartford's and National's motions for summary judgment. It denied CTE's and Fireman's motions for summary judgment. The amount in question is in excess of six million dollars.

On November 14, 1990, Michael D. Martocci, Esq., CTE's counsel of record, filed a notice of appeal. Since CTE's original complaint had not been dismissed as to Fireman's and a judgment had not been entered in the district court there were serious doubts as to this Court's appellate jurisdiction. CTE therefore voluntarily agreed to withdraw the appeal without prejudice. The notice of appeal accordingly was withdrawn pursuant to a stipulation, agreed to by CTE, National and Hartford. The stipulation expressly recognized CTE's right to re-notice the appeal "within the time permitted by the Federal Rules of Civil Procedure upon entry of the final judgment...."

On January 9, 1991 CTE and Fireman's entered into a stipulation agreement whereby CTE's claim against Fireman's was dismissed without prejudice. Thereafter, CTE's co-counsel submitted a proposed judgment to the district court which was entered on April 10, 1991 and published in the New York Law Journal on April 15, 1991. CTE, however, failed to file the notice of appeal within the prescribed time. Fed.R.App.P. 4(a) provides that "[T]he notice of appeal ... shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from." On May 28, 1991, Martocci filed a motion in the district court on CTE's behalf for an extension of time to file the notice of appeal pursuant to Fed.R.App.P. 4(a)(5), which provides that: "The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." The district court denied this motion, finding that CTE had not sufficiently met the Second Circuit's rigid criteria for "excusable neglect". *Bortugno v. Metro–North Commuter R.R.*, 905 F.2d 674 (2 Cir.1990); *see also In re O.P.M. Leasing Services, Inc.*, 769 F.2d 911, 917 (2 Cir. 1985) ("[A] loose interpretation of 'excusable neglect' would convert the 30–day period for appeal provided in [Rule] 4(a) into a 60–day one—a result clearly not intended by the Rule's framers.").

For the reasons that follow, we grant CTE's motion to vacate the stipulation withdrawing its notice of appeal filed November 14, 1990. The effect of granting this motion is to restore the original notice of appeal. Accordingly, we do not reach the issue of whether Martocci's actions in failing to timely file a subsequent notice of appeal constitute "excusable neglect" pursuant to Rule 4(a)(5).

## II.

Hartford and National contend that CTE's notice of appeal filed November 14, 1990 was premature. They point out that only an order and opinion dismissing CTE's claims against two of the three defendants had been signed, and no judgment had been

entered. Absent FRCP 54(b) certification (which is not present in this case), a decision that leaves a claim unresolved is nonfinal. *E.g., Burger King Corp. v. Horn & Hardart Co.*, 893 F.2d 525, 527 (2 Cir.1990). Since a claim was still pending against Fireman's, the judgment was not final on November 14, 1990 when CTE filed its initial notice of appeal.

Despite the foregoing, we are not powerless to grant CTE the relief it requests. We believe that it would be "manifestly unjust" to deny CTE's motion, thereby preventing its appeal from going forward. *See Sinicropi v. Milone,* 915 F.2d 66 (2 Cir.1990). The intent of the parties upon entering into the stipulation was only to postpone the appeal rather than to terminate it. The original intent of the parties is best served by vacating the stipulation so that the appeal may proceed. Moreover, when CTE withdrew its notice of appeal, it aided this Court's process by helping to avoid a pointless briefing and argument of a motion to dismiss. We surely do not wish to discourage this type of stipulation. It is important to the functioning of this Court that parties be willing to take steps that will enable the system to work as efficiently as possible.

Finally, although CTE's late filing of its notice of appeal and its motion to extend its time to appeal was contrary to the rule and order of the district court, we find no prejudice to Hartford or National. Neither appellee has indicated that it relied on the stipulation to its detriment. Although CTE took approximately six months to file the motion, it was filed concurrently with the notice of appeal with respect to the "excusable neglect" claim. Not only does our decision result in no prejudice to Hartford or National, but, on the other hand, if we were to deny the motion, CTE would suffer great harm. It would lose the right to challenge an adverse summary judgment where the amount in controversy is in excess of six million dollars.

For the reasons discussed above, allowing the appeal to go forward is clearly in the interest of justice. Since we want to encourage litigants to cooperate with our Court in the manner that CTE did, and since Hartford and National would receive a large windfall if the appeal was not permitted and they will not be prejudiced by the granting of the motion, we hold that it would be "manifestly unjust" not to allow CTE to go forward with the appeal. *See Sinicropi, supra,* 915 F.2d 66.

## III.

To summarize:

In view of the unique facts of this case, we hold that it would be "manifestly unjust" to deny CTE's motion to vacate the parties' prior stipulation withdrawing CTE's notice of appeal. Accordingly, CTE's motion to vacate the stipulation is granted, and the notice of appeal is reinstated, effective as of the date originally filed in the district court.