**Jerry D.C. PARK and Myong Sil Park, Plaintiffs,**

v.

**TRANSAMERICA INSURANCE COMPANY, a California corporation, Defendant.**

**CV. No. 95–00721 DAE.**

United States District Court, D. Hawai'i.

Feb. 29, 1996.

Robyn B. Chun, Paul Johnson Park & Niles, Honolulu, HI, for plaintiffs.

Robert A. Mash, Ayabe Chong Nishimoto Sia & Nakamura, Honolulu, HI, for defendant.

### ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DAVID ALAN EZRA, District Judge.

The court heard Defendant's Motion on February 20, 1996. Robyn B. Chun, Esq., appeared at the hearing on behalf of Plaintiffs; Jeffrey H.K. Sia, Esq., appeared at the hearing on behalf of Defendant. After reviewing the motion and the supporting and opposing memoranda, the court DENIES Defendant's Motion for Summary Judgment.

### BACKGROUND

The parties are in agreement as to most of the salient underlying facts. In 1991, Plaintiffs Jerry D.C. Park and Myong Sil Park ("Plaintiffs"), citizens of the State of Hawaii, were sued as owners of certain property in *Kusano et al. v. Jerry D.C. Park and Myong Sil Park,* Civ. No. 91–3066–09, in the First Circuit Court of the State of Hawaii (the "underlying action").[1] Plaintiffs tendered the claims asserted in the underlying action to Transamerica Insurance Company ("Transamerica"),[2] for a defense and liability coverage under their homeowners' insurance policy, and Transamerica agreed to defend Plaintiffs in the underlying case under and pursuant to a full reservation of rights.

On March 11, 1992, pursuant to its reservation of rights, Transamerica filed a Complaint for Declaratory Relief, Civ. No. 92–00137 DAE ("declaratory action"), seeking a judgment declaring that it had no duty to defend and indemnify the Parks in the underlying action. On July 23, 1992, Transamerica filed its First Amended Complaint in the declaratory judgment action. Transamerica filed a motion for summary judgment and this court entered an Order Granting in Part and Denying in Part Transamerica's Motion on April 8, 1994 ("April 8, 1994 Order"). This court held that Transamerica had a duty to defend the Plaintiffs in the underlying action, but that coverage did not extend to all types of dam-

---

1. In the underlying action, Takaharu Kusano, Donald Miller, and Fumiko Miller filed a complaint against the Parks based on the sale and purchase of property located at 1862 Kihi Street, Honolulu, Hawaii ("the subject property"). Escrow closed and the Parks conveyed the deed on the subject property on October 23, 1987. After taking possession of the property on October 23, Kusano and the Millers noticed various defects in the house, which served as the basis for the underlying action. The Miller plaintiffs alleged various claims against the Parks, including defective construction and design of the premises, breach of the sales contract, and breach of war-

ranties. *See* Order Granting in Part and Denying in Part Plaintiffs' Motion for Summary Judgment, filed April 8, 1994, at 1–2 ("April 8, 1994 Order"). Transamerica had issued to the Plaintiffs a homeowners' insurance policy (Policy No. THO–1796–17–31) for the subject property for the period from May 23, 1987 to May 23, 1988.

2. Transamerica is a corporation organized and existing under the laws of the State of California with its principal place of business in Woodland Hills, California.

ages arising from, or attributable to, property damage.[3] *See* April 8, 1994 Order.

On August 26, 1994, Plaintiffs and Transamerica filed with this court a Stipulation for Dismissal Without Prejudice and Order (the "stipulation"). *See* Exhibit B attached to the Declaration of Robert A. Mash, Defendant's Concise Statement of Facts. The stipulation states in relevant part:

> WHEREAS, trial in the *Kusano* lawsuit has been set to begin on March 6, 1995; and
>
> WHEREAS, trial in this matter has been set to commence on September 7, 1994 before the Honorable David A. Ezra; and
>
> WHEREAS, certain factual issues to be decided in the *Kusano* lawsuit are the same or similar to factual issues to be decided in this action;
>
> IT IS HEREBY STIPULATED by and between the parties hereto, through there respective counsel, that the above-entitled action, pursuant to Rule 41(a)(1)(ii) FRCP shall be and hereby is dismissed without prejudice *with the parties bearing their own attorneys' fees and costs.*
>
> AND IT IS FURTHER STIPULATED that Plaintiff Transamerica Insurance Group may re-file its Complaint, or re-institute this action after the conclusion or resolution of the *Kusano* lawsuit and that Defendants Jerry D.C. Park and Myong Sil Park waive any statute of limitation defense to the re-filing or re-institution of such a complaint.

Exhibit B attached to the Declaration of Robert A. Mash, Defendant's Concise Statement of Facts.

Plaintiffs filed the instant action in the First Circuit Court for the State of Hawaii on July 26, 1995 against Transamerica. Civ. No. 95–2676–07. Thereafter, on September 1, 1995, Transamerica filed its Notice of Removal of Civil Action and Supporting Exhibit in this court. After removing to this court, Transamerica filed an answer to Plaintiffs' complaint on September 22, 1995. The gravamen of Plaintiffs' complaint is that Transamerica owes, and has refused to pay, the sum of $38,966.36 in attorneys' fees and costs incurred by Plaintiffs in the declaratory judgment action (Count I). Plaintiffs also allege that Transamerica breached its duty owed to them and acted in bad faith (Count II), and violated Haw.Rev.Stat. § 480–2, prohibiting unfair competition and deceptive acts in commerce (Count III).

On November 30, 1995, Transamerica filed the instant motion for summary judgment. Plaintiffs filed an opposition on February 2, 1996, and Transamerica filed its reply on February 9, 1996.

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party has the initial burden of "identifying for the court those portions of the materials on file in the case that it believes demonstrate the absence of any genuine issue of material fact." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)). If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of any significant probative evidence tending to support its legal theory. *Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270, 282 (9th Cir.1979). The opposing party cannot stand on its pleadings, nor can it simply

---

**3.** This court stated:

> Here, the Miller plaintiffs complain that their property has diminished in value due to the water damage, foundation cracks, and termite infestation. In other words, they received less than what they bargained for because of these defects. It clearly would be appropriate for a jury to assess their property damages according to the diminution in value of the property, and Transamerica would be obligated to pay this amount pursuant to the policy. However, if the cost of repairs measure is used to calculate damages, Transamerica cannot, by any stretch of the policy, be required to pay for the diminution in value of the house *in addition to* the cost of repairs. The Millers, or the Parks, cannot recover twice for the same damage using two different formulas.

April 8, 1994 Order, at 19–20 (internal citation omitted).

assert that it will be able to discredit the movant's evidence at trial. *See T.W. Elec. Serv.,* 809 F.2d at 630; Fed.R.Civ.P. 56(e). In a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party. *State Farm Fire & Casualty Co. v. Martin,* 872 F.2d 319, 320 (9th Cir.1989).

## DISCUSSION

■ Transamerica contends that there is no genuine issue of material fact in this case because the parties executed a valid stipulation with a condition that they would bear their own attorneys' fees and costs. Plaintiffs, on the other hand, while they admit to voluntarily and knowingly signing the stipulation, claim that the stipulation should be set aside to prevent manifest injustice. The Plaintiffs' argument is grounded in the fact that counsel for both parties had never discussed the waiver provision in their negotiations concerning the stipulated dismissal, and that counsel for Plaintiffs "inadvertently overlooked" the attorneys' fees provision when she signed the stipulation. *See* Declaration of Robyn B. Chun, at ¶ 16. Alternatively, Plaintiffs argue that summary judgment is inappropriate here because there is at least a factual dispute as to what the parties understood when they executed the stipulation to dismiss. The court agrees with Plaintiffs.

Plaintiffs rely primarily on *Gakiya v. Hallmark Properties, Inc.,* 68 Haw. 550, 555, 722 P.2d 460 (1986), in asserting that the stipulation should be set aside. In that case, the plaintiff obtained a judgment against a licensed real estate broker for fraud and misrepresentation, and filed a motion for an order directing payment of his claim from a real estate recovery fund pursuant to Hawaii law. *Id.* at 551, 722 P.2d 460. The Real Estate Commission determined that the plaintiff's claims were to be paid in proportion to other pending claims against the defendant, and the court directed payment from the fund on a pro rata basis. *Id.* at 552, 722 P.2d 460.

Thereafter, the plaintiff and the Commission entered into a court-approved stipulation that set forth the procedures for apportioning the plaintiff's claim, and included a ninety-day deadline for others to file claims. *Id.* As of the cutoff date, there were sufficient funds to pay the outstanding claims. However, on the day after the cutoff, a proportionately large claim was filed by third party claimants and was accepted by the commission, effectively reducing the plaintiff's recovery from approximately $9,300 to $1,600. *Id.*

The plaintiff argued that the court had no discretionary authority to unilaterally alter the terms of the stipulation it had previously approved. *Id.* at 555, 722 P.2d 460. In refusing to enforce the stipulation, the Hawaii Supreme Court reasoned, "[w]hile parties ordinarily are bound by the terms of their stipulations, we have allowed certain stipulations to be set aside or modified in order to prevent manifest injustice." *Id.* at 555–56, 722 P.2d 460 (citing *In re 711 Motors, Inc.,* 56 Haw. 644, 654, 547 P.2d 1343 (1976)). The court found that a departure from the stipulation was warranted to essentially protect the third party claimants' ability to recover for their losses along with the other injured claimants.

Plaintiffs also cite *Compania Trasatlantica Espanola, S.A. v. Hartford Accident & Indem. Co.,* 950 F.2d 105 (2d Cir.1991), which is similarly instructive here. In *Compania Trasatlantica,* the plaintiff, an insured, filed a declaratory relief action against three of its insurance carriers to determine coverage. *Id.* at 106. The district court entered an order granting two of the defendants' motions for summary judgment and denying the summary judgment motions of the plaintiff and a third defendant; the plaintiff appealed. However, because judgment had not been entered against the third defendant (rendering appellate jurisdiction questionable), the plaintiff voluntarily agreed to withdraw the appeal without prejudice pursuant to a stipulation signed by the plaintiff and the two defendants who prevailed on summary judgment motions. *Id.* at 106.

Subsequently, the plaintiff and the third defendant entered into a stipulation agreement whereby the plaintiff's claim against that defendant was dismissed without prejudice. After the judgment was entered, however, the plaintiff failed to timely file a notice

of appeal and moved for an extension of time to file the notice. The district court denied the motion, finding that the plaintiff had not sufficiently met the requisite, rigid criteria for "excusable neglect." However, the Court of Appeals for the Second Circuit granted the plaintiff's motion to vacate the stipulation withdrawing its notice of appeal, and effectively restored the plaintiff's original notice of appeal. The court explained:

> We believe that it would be "manifestly unjust" to deny [the plaintiff's] motion, thereby preventing its appeal from going forward. The intent of the parties upon entering into the stipulation was only to postpone the appeal rather than to terminate it. The original intent of the parties is best served by vacating the stipulation so that the appeal may proceed. Moreover, when [the plaintiff] withdrew its notice of appeal, it aided this Court's process by helping to avoid a pointless briefing and argument of a motion to dismiss. We surely do not wish to discourage this type of stipulation. It is important to the functioning of this court that parties be willing to take steps that will enable the system to work as efficiently as possible.

950 F.2d at 107. The court also noted that the two defendants were not claiming that they had relied on the stipulation to their detriment or were prejudiced by the plaintiff's late notice of appeal. In contrast, the plaintiff would suffer "great harm" because it would lose its right to challenge the district court's adverse ruling where the amount in controversy was in excess of $6 million dollars.

Here, Plaintiffs persuasively argue that enforcement of the stipulation entered into by the parties would be manifestly unjust because it was never the Plaintiffs' intention to waive their right to recover attorneys' fees and costs; rather, their intent was to: (1) maintain status quo with respect to their claims by staying the action, and (2) attempt to comply with the court's request to file a stipulation to dismiss. Plaintiffs point to the fact that the parties had initially decided to

"stay" the declaratory action in this court pending the final resolution of the underlying action—notably, without any mention of attorneys' fees—but that the parties stipulated to dismiss the case without prejudice in its stead. *See* Plaintiffs' Counterstatement of Facts, Exhibits 1–4. Plaintiffs contend, that "[t]he stay of the Declaratory Action was always intended only to hold the Declaratory Action in abeyance until the Underlying Action was resolved; there was never any intent or understanding that the stay would, in any way, finally resolve or decide any of the parties' substantive claims or rights … There were no discussions whatsoever between the parties concerning their respective rights, if any, to recover their attorneys' fees or costs and at no time did Transamerica propose that any such provision be included in the Stipulation to Stay." *See* Plaintiffs' Counterstatement of Facts, at 3–4; Declaration of Robyn B. Chun, at ¶¶ 8, 9. At the hearing on this motion, Transamerica's counsel conceded that no discussions concerning attorneys' fees had taken place during either the negotiations surrounding the stipulated stay or during the talks surrounding the stipulated dismissal. Transamerica described the attorneys' fees provision as "boilerplate" and explained that the provision may have inadvertently been included in the stipulated dismissal.

In our judicial system, stipulations fairly entered into are favored. *See T I Fed. Credit Union v. Delbonis,* 72 F.3d 921, 928 (1st Cir.1995) (citations omitted). Moreover, litigation stipulations "can be understood as the analogue of terms binding parties to a contract." *Id.* at 928. Accordingly, stipulations should be upheld by a court absent manifest injustice to the parties. *See Gakiya,* 68 Haw. at 555, 722 P.2d 460; *McKnight v. General Motors Corp.,* 973 F.2d 1366, 1373 (7th Cir.1992).[4] Although the general rule of contract law is that one who assents to a contract is bound by it and cannot complain that he has not read it or did not know what it contained, *see Leong v. Kaiser Foundation Hosp.,* 71 Haw. 240, 245, 788 P.2d 164 (1990),

---

**4.** Alternatively, such stipulations should only be set aside in cases of fraud, collusion, mistake, accident, surprise, or oppression. *See Graen's*

*Mens Wear Inc. v. Stille–Pierce Agency,* 329 N.W.2d 295, 300 (Iowa 1983).

736

this court concludes that manifest injustice would result to the Plaintiffs if this court were to fully enforce the stipulation.

Although counsel for Plaintiffs was arguably negligent in signing the dismissal without first carefully reviewing its terms and conditions, this court will not permit Transamerica to benefit from such a mistake here; indeed, such a benefit would amount to a "windfall" for Transamerica. By Transamerica's own admission, the provision that each party would bear its attorneys' fees was not discussed or even contemplated by the parties in agreeing to hold the case in status quo. The original intent of the parties was to allow the case to proceed in state court and then, thereafter, revive the claims filed in federal court if appropriate; their original intent, therefore, is best served by vacating the stipulation that each party bear its own attorneys' fees and costs. *See Compania Trasatlantica*, 950 F.2d at 107. Moreover, when the Plaintiffs agreed to the dismissal without prejudice, they aided the effective functioning of this court by agreeing to pursue their related federal claims in the pending state proceeding, a practice that this court does not wish to discourage. *See id.*

In light of the unique set of facts presented here, and the instructive case law set forth above, this court believes that it would be "manifestly unjust" to enforce the terms of the stipulated dismissal and to grant the Defendant's motion for summary judgment. The court therefore DENIES Defendant's Motion for Summary Judgment. However, the court also recognizes that Plaintiffs' counsel is partly to blame for the confusion caused by the stipulated dismissal because she overlooked the attorneys' fees provision. Therefore, the court ORDERS Plaintiffs to pay reasonable attorneys' fees incurred by Transamerica in filing the instant motion.

## CONCLUSION

For the reasons stated above, the court DENIES the Defendant's Motion for Summary Judgment.

IT IS SO ORDERED.