Rona HERTZNER, Plaintiff–Appellant,

v.

William J. HENDERSON, as Postmaster General for the United States Postal Service, et al., Defendants–Appellees.

Docket No. 00–6087.

United States Court of Appeals, Second Circuit.

Submitted: April 2, 2002.

Decided: June 4, 2002.

Frederick K. Brewington, Hempstead, NY, submitted papers on behalf of Plaintiff–Appellant.

Charles S. Kleinberg, Asst. U.S. Atty., Brooklyn, NY, submitted papers on behalf of Defendants–Appellees.

Before: WALKER, Chief Judge, NEWMAN, and KEARSE, Circuit Judges.

Judge KEARSE dissents with a separate opinion.

JON O. NEWMAN, Circuit Judge.

This motion to reinstate a dismissed appeal presents the narrow issue of whether to enforce the time limit agreed to by the parties in a stipulation approved by this Court at a time when it lacked jurisdiction to adjudicate the merits of the appeal. Rona Hertzner moves for reinstatement of her appeal from the judgment of the District Court for the Eastern District of New York (Jacob Mishler, District Judge) dis-

missing her Title VII suit against her superiors and other employees at the United States Postal Service. We conclude that the time limit is enforceable and that the appellant failed, without justification, to abide by the limit. We therefore deny the motion to reinstate the appeal.

## Background

The District Court entered judgment dismissing Hertzner's complaint on February 28, 2000. She filed a timely notice of appeal on March 22 (all relevant dates are for 2000, unless otherwise indicated). On March 8, prior to filing the notice of appeal, she had filed a motion for reconsideration pursuant to Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. On May 22, the parties filed in this Court a stipulation withdrawing the appeal without prejudice. The stipulation provided that it was "subject to reinstatement by written notification to the Clerk of the Court within 20 days after [Judge Mishler] decides a pending motion for reconsideration" and added, "If not thus reinstated, this appeal shall be deemed withdrawn with prejudice."

By order entered November 29, Judge Mishler denied the motion for reconsideration. On February 12, 2001, beyond the 20–day period specified in the stipulation, Hertzner moved in this Court to reinstate her appeal. That motion was originally granted by our Staff Attorney's Office, but, upon reconsideration after receipt of opposition papers from the Appellees, the reinstatement order was rescinded. Hertzner then filed the pending motion for reinstatement.

## Discussion

Hertzner's motion for reconsideration of the District Court's judgment was filed within ten days of the entry of that judg-

ment and qualified as a so-called "ten-day" motion under Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure. *See United States ex rel. McAllan v. City of New York*, 248 F.3d 48, 52 (2d Cir.2001) (motion filed within ten days requesting alteration or amendment of judgment is treated as Rule 59(e) motion, even though denominated as something other than Rule 59 motion); *Ametex Fabrics, Inc. v. Just In Materials, Inc.*, 140 F.3d 101, 106 (2d Cir.1998). When a party files a notice of appeal before a district court disposes of one of the motions listed in Rule 4(a)(4)(A), the notice of appeal "becomes effective to appeal a judgment ... when the order disposing of the last such remaining motion is entered." FRAP 4(a)(4)(B)(i); *see Ametex Fabrics*, 140 F.3d at 106. Thus, Hertzner's notice of appeal, when it was filed on March 22, was not then effective to appeal the judgment, but became effective on November 29. During that interval, the parties signed a stipulation to withdraw the appeal, without prejudice to reinstatement within 20 days of a ruling on the motion for reconsideration. This Court approved the stipulation.

As an initial matter, we consider the possibility that Hertzner is not bound by the time limit of the stipulation because our Court lacked jurisdiction to approve the stipulation. Preliminarily, we note that Hertzner might well be bound by the stipulation as a contract between herself and the Appellees, irrespective of our Court's approval. In any event, we conclude that the suspension of the effectiveness of the notice of appeal precluded our jurisdiction to adjudicate the merits of the appeal, but did not impair our legal authority to enter housekeeping orders to control our own docket.

It is important that parties retain the authority to execute binding agreements with respect to the processing of appeals

that might not be within the jurisdiction of this Court, at least at the time the agreements are executed. The attempt to pursue an appeal in this Court might be ineffective for various reasons, including the inadequacy of a notice of appeal, the prematurity of such a notice, or, as in this case, the temporary suspension of the effectiveness of a notice of appeal by the timely filing of a ten-day motion in the District Court. Whenever uncertainty exists as to whether an appeal is properly within our jurisdiction, an appellant should be able to eschew controversy over the status of an attempted appeal by entering into a binding stipulation with an appellee to withdraw the attempted appeal and to establish a timetable for reinstatement. Our Court's "so ordering" of such a stipulation should render it enforceable, provided that the stipulation does not endeavor to permit pursuit of an appeal over which we would lack jurisdiction. If we were to deny the parties the right thus to "clean the slate" and to establish binding terms for properly perfecting an appeal, we would risk needless controversy between the parties (perhaps requiring resolution by this Court) as to the status of arguably defective appeals and needless uncertainty in the district courts as to whether their jurisdiction has been displaced. The fact that the filing of a ten-day motion renders the notice of appeal ineffective until the motion is decided and thereby temporarily destroys our jurisdiction to adjudicate the appeal, need not mean that we lack authority to "so order" and render binding an agreement between the parties concerning the future processing of an appeal.

There is nothing unusual about the authority of a court of appeals to enter orders concerning the processing of an appeal, even in the absence of an effective notice of appeal. For example, prisoners denied habeas corpus relief from a criminal conviction sometimes ask this Court, prior to filing a notice of appeal in the district court, to issue a certificate of appealability (COA), which is required for an appeal. See 28 U.S.C. § 2253(c). Rather than disclaim all authority to act for lack of a notice of appeal, we send the request for a COA to the district court and instruct that court to construe the request for a COA as a notice of appeal. See Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir.1999). That step helpfully assists the processing of the appeal by putting it on track for the proper filing of a notice of appeal. Similarly, when a notice of appeal is mistakenly sent to this Court, we send it to a district court for proper filing. See FRAP 4(d).

Another way to analyze the pending issue is that, just as a court always has jurisdiction to consider its jurisdiction, see United States Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 79, 108 S.Ct. 2268, 101 L.Ed.2d 69 (1988); Oneida Indian Nation v. New York, 732 F.2d 259, 261 (2d Cir.1984), we had a limited jurisdiction not only to decide that we lacked jurisdiction to adjudicate Hertzner's appeal while her ten-day motion was pending, but also to take those steps appropriate to implement a decision declining jurisdiction. Clearly we could have granted a motion by the Appellees to dismiss the appeal for lack of jurisdiction. Even though no ruling was legally required to deny our jurisdiction to adjudicate the appeal while the motion was pending, the provision of FRAP 4(a)(4)(B)(i) sufficing for that purpose, our lack of jurisdiction to adjudicate the appeal did not preclude us from confirming the jurisdictional situation by "so ordering" the parties' stipulation to withdraw the appeal. That step usefully brought clarity to the situation by making explicit what would otherwise have been inferrable only by examining the Federal Rules of Appellate Procedure and the rele-

vant case law. And our authority to "so order" withdrawal of the appeal included authority to condition reinstatement of the appeal on a reasonable time schedule, especially one agreed to by the parties.[1]

The dissent suggests that by not permitting the appeal to go forward we are letting the parties override the Federal Rules of Appellate Procedure. We disagree. Although the Rules provide that a notice of appeal is rendered ineffective by the filing of a ten–day motion and becomes effective upon the decision of such a motion, nothing in the Rules prevents the parties from agreeing to withdraw an appeal (whether or not the court of appeals then has jurisdiction to adjudicate the appeal), and, subject to the approval of the appellate court, agreeing on a timetable for reinstatement of the withdrawn appeal. That is what occurred in this case. Moreover, although the Appellant did not have to stipulate for the withdrawal of her appeal and, had she not done so, would not have needed to move for reinstatement, her action in doing so, in agreement with the Appellee, should not be disregarded. Under the dissent's view of the situation, a party filing a notice of appeal that is rendered ineffective by the filing of a ten–day motion, is powerless to withdraw the appeal until after such time as the district court denies the motion and the notice of appeal becomes effective. That would be a needless barrier to some settlements. A party might wish to settle with an adversary on terms that include awaiting (and accepting) the district court's decision on the ten–day motion, but agreeing to forgo any appeal. The Rules do not preclude such a settlement. The provision of Rule 4(a)(4)(A) providing that a notice of appeal becomes effective when the ten–day motion is decided cannot mean "effective even if the parties have agreed to withdraw the appeal."

The Appellant contends that even if the stipulation was validly "so ordered," we should exercise our discretion to permit the stipulation to be withdrawn. Although we have such authority and have exercised it where it would be "manifestly unjust" not to permit an appeal to proceed, *see Compania Trasatlantica Espanola, S.A. v. Hartford Accident & Indemnity Co.*, 950 F.2d 105, 107 (2d Cir.1991) (internal quotation marks omitted), we see no compelling circumstances here for disregarding the stipulation.[2]

---

1. Our recent decision in *United States v. Outen*, 286 F.3d 622 (2d Cir.2002) is inapplicable to the pending motion. In *Outen*, we dealt with a stipulation to withdraw an appeal from a criminal conviction and reinstate that appeal within ten days after the District Court's ruling on a motion to vacate the sentence under 28 U.S.C. § 2255. The Appellant successfully moved to reinstate the appeal. Entertaining doubt as to our appellate jurisdiction over the appeal upon considering its merits, we elected to treat the stipulation for withdrawal and reinstatement as a motion to hold the appeal in abeyance, which we granted, thereby maintaining uninterrupted the appellate jurisdiction that we had originally acquired upon the filing of a notice of appeal. In exercising our discretion in this regard, we noted that the stipulation had been filed because of the refusal of the Clerk's Office to accept anything else, *id.* at 631, and we assumed that the Appellant, in obtaining reinstatement of the appeal, had complied with the time limit specified in the stipulation to withdraw, *id.* at 630 n. 3. Neither of those circumstances applies here.

2. In *Compania Trasatlantica*, the Appellant, against whom a $6 million judgment had been entered, stipulated to withdraw an appeal as to which our jurisdiction appeared to be lacking, in the absence of a Rule 54(b) certification, because of the pendency in the District Court of unadjudicated claims against a third party. *See* Fed.R.Civ.P. 54(b) (authorizing, subject to limitations, entry of partial, appealable judgment). The stipulation provided in general terms for reinstatement within the time provided in the Federal Rules of Civil Procedure. Thereafter, the Appellant

The Appellant also contends that, if we deny leave to withdraw the stipulation, the failure to seek reinstatement within the agreed 20–day period should be excused because of her lawyer's trial schedule and the departure from his firm of the lawyer who had executed the stipulation. We are not persuaded. The timetable for processing appeals normally requires faithful compliance. *See, e.g., McAllan,* 248 F.3d at 51 ("The Fed. R.App. 4 time requirements for taking an appeal have been treated as especially rigid, and a federal court's authority to extend or suspend those limits is narrowly limited."); *McHale v. United States,* 175 F.3d 115, 117 (2d Cir.1999) (noting dismissal of prior appeal for counsel's failure to comply with scheduling order); *United States v. James,* 146 F.3d 1183, 1184 (9th Cir.1998) (striking untimely petition for rehearing in banc); *see generally United States v. Raimondi,* 760 F.2d 460, 462 (2d Cir.1985) ("The lawyer who assumes this Court will relieve him of an onerous but manageable deadline ... does so at his own peril.") (footnote omitted).

The motion for reinstatement is denied.

KEARSE, Circuit Judge, dissenting:

To the extent that the majority's decision means that plaintiff Hertzner may not pursue this appeal, I respectfully dissent. Although I too would deny the motion for reinstatement of the appeal, I would do so because in my view, under the Federal Rules of Appellate Procedure (the "Rules"), the motion is superfluous because the appeal is already pending.

As the majority opinion sets forth, a final judgment against Hertzner was entered on February 28, 2000; on March 22, 2000, she filed a notice of appeal. However, on March 8, she had filed a motion for reconsideration of the judgment pursuant to Rule 6.3 of the Local Rules of the district court. That motion, because it was filed within 10 days after the entry of judgment, is treated as a motion pursuant to Fed.R.Civ.P. 59(e) to alter or amend the judgment, *see, e.g., United States ex rel. McAllan v. City of New York,* 248 F.3d 48, 52 (2d Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1301, 152 L.Ed.2d 212 (2002); *Lichtenberg v. Besicorp Group Inc.,* 204 F.3d 397, 401 (2d Cir.2000), and, as such, made Hertzner's notice of appeal ineffective prior to "the entry of the order disposing of the ... motion," Fed. R.App. P. 4(a)(4)(A); *see* Fed. R.App. P. 4(a)(4)(B)(i) (notice of appeal ineffective during pendency of a timely motion under Fed.R.Civ.P. 59, *see* Fed. R.App. P. 4(a)(4)(A)(iv), to alter or amend the judgment).

The Rules provide that "[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—*the notice becomes effective* to

---

withdrew its claims against the remaining party, and a final appealable judgment was entered. Although the Appellant did not file a new notice of appeal within the time prescribed by FRAP 4(a)(1)(A), we ruled on "the unique facts of this case," *Compania Trasatlantica,* 950 F.2d at 107, that the stipulation could be withdrawn, and the appeal could proceed on the previously filed notice of appeal, *id.* That situation was somewhat similar to what has been referred to as the Rule 4(a)(4) "trap," *see* FRAP 4 advisory committee's note to 1993 amendment to ¶(a)(4),

which had victimized appellants who had not realized that a new notice of appeal was required after the filing of an initial, but subsequently ineffective, notice of appeal. *See Averhart v. Arrendondo,* 773 F.2d 919, 920 (7th Cir.1985) (criticizing former "trap"). In the pending case, the Appellant had the benefit of FRAP 4(a)(4)(B)(i), which eliminates the "trap" and the need for a second notice of appeal, but she nonetheless elected to subject herself to a 20–day time limit on reinstatement.

appeal a judgment ... *when the order disposing of the last such remaining motion is entered.*" Fed. R.App. P. 4(a)(4)(B)(i) (emphasis added). The district court disposed of Hertzner's reconsideration motion on November 29, 2000. Thus, as the majority opinion notes, *ante* at 304, her "notice of appeal ... became effective on November 29."

When Hertzner's notice of appeal became effective on November 29, in accordance with the express provision of Rule 4(a)(4)(B)(i), her appeal was thereby pending. Because the November 29, 2000 reinstatement of the appeal occurred automatically by operation of that Rule, the May 2000 stipulation for a motion to reinstate the appeal called for a motion that was unnecessary. Indeed, I would say that, technically, a motion for the reinstatement of an already reinstated or pending appeal could not be granted. I would not allow the parties' evidently insufficient familiarity with the Rules to override the Rules themselves. Thus, although Hertzner did eventually move to reinstate the appeal, I view that motion as simply superfluous. Neither the initial granting of that superfluous motion by our Staff Attorney's Office nor the rescission of that grant affected the facts that Hertzner's notice of appeal had automatically become effective in accordance with Rule 4(a)(4)(B)(i) as of November 29, and that the appeal was thereby pending.

I find it difficult to agree with the majority's view that applying Rule 4(a)(4)(B)(i) as written, and considering an automatically reinstated appeal to be pending, poses any impediment to settlement or to this Court's ability to clear its docket of appeals that have been filed prematurely. I also find it difficult to reconcile the present ruling with our decision in *Compania Trasatlantica Espanola, S.A. v. Hartford Accident & Indemnity Co.,* 950 F.2d 105

(2d Cir.1991). In that case, a premature notice of appeal was filed; no timely notice was ever filed; and there was no Rules provision for the automatic reinstatement of the appeal; yet we relieved the plaintiff of a prior stipulation withdrawing the premature appeal and setting a deadline for reinstatement of the appeal, which was missed, and we allowed the appeal to proceed. *See id.* at 106–07. It seems to me especially ironic, in light of the decision in *Compania Trasatlantica,* that in the present case, where the notice of appeal automatically became effective under the terms of Rule 4(a)(4)(B)(i), the majority does not allow this appeal to proceed.

In sum, I regard the present appeal, which was automatically pending in this Court as of November 29, 2000, as still pending. Accordingly, I would deny the present motion for reinstatement on the ground that it is unnecessary, and I would permit the appeal to proceed.