**Marisol G. VERA, Plaintiff,**

v.

**CUSHMAN & WAKEFIELD, INC., Defendant.**

**No. 03 Civ.4746(LAK).**

United States District Court, S.D. New York.

May 27, 2004.

James C. Jones, Manuel & Jones, P.C., New York City, for Plaintiff.

Paul A. Salvatore, John F. Fullerton III, Proskauer, Rose LLP, New York City, for Defendant.

## MEMORANDUM OPINION

KAPLAN, District Judge.

This employment discrimination case now is before the Court on defendant's motion for summary judgment dismissing the complaint.

### Facts

As the motion turns on the question whether the action is timely, it is necessary to recapitulate only the facts pertinent to that issue.

Plaintiff has a number of grievances against her former employer, Cushman & Wakefield, Inc. ("Cushman"). On August 28, 2002, she filed a charge of discrimination with the New York District Office of the Equal Employment Opportunity Commission ("EEOC"). A right to sue letter was mailed to plaintiff on March 24, 2003.[1] She commenced this action on June 26, 2003.

The amended complaint asserted race and gender discrimination, as well as retaliation, claims under Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981.[2] It alleged that plaintiff's counsel received the right to sue letter on March 28, 2003,[3] which was exactly 90 days prior to the commencement of the action. But it was silent as to when plaintiff received it.

Title VII suits must be commenced within 90 days after the *plaintiff* receives a right to sue notice,[4] so it is not surprising that discovery focused on when she—as opposed to her attorney—received it.

At her deposition on March 11, 2004, plaintiff, who was represented at the deposition by her counsel of record, James C. Jones, Esq., testified that she received the right to sue notice by regular mail but that she could not remember when:

"Q When did you receive this notice? A Sometime last year.

"Q Do you recall when? A The middle of the year, early last year.

"Q Early last year, meaning 2003? A Yes.

"Q Do you see the date there at the bottom, it says, date mailed, March 24, 2003? A Yes.

"Q Does that refresh your recollection as to when you received this notice? A Sorry. I received this notice sometime in March or April. I can't remember which month or the date.

\* \* \* \* \* \*

"Q Is there anything else that would help refresh your recollection as to the exact date on which you received this letter? A And what is the point to that?

"Q Can you just answer my question? A No. I received it early last year, and then after that, I provided it to my attorney. Any documents that I would have received, I would give it to my attorney to handle it.

---

1. Joint Pretrial Order ("PTO"), § III (Stipulated Facts) ¶ 36.

2. During pretrial proceedings, plaintiff formally stipulated to the abandonment of her race discrimination claim and agreed that she is not claiming any form of sexual harassment. *Id.* § I and § III (Stipulated Facts) ¶¶ 2–3.

3. Am Cpt ¶ 3.

4. 42 U.S.C. § 2000e–5(f)(1); *Sherlock v. Montefiore Med. Ctr.,* 84 F.3d 522, 525 (2d Cir. 1996).

"Q    There is nothing else that would help refresh your recollection, like an entry in a diary or journal, or something to refresh your recollection as to the exact day that you received this letter? A No." [5]

On April 7, 2004, shortly after the deposition, plaintiff signed and swore to the accuracy of the deposition transcript before Mr. Jones. She signed also an errata sheet which made no corrections.[6]

Just over one week later, Mr. Jones and defendant's counsel prepared the PTO. They there stipulated as follows:

"Plaintiff personally received this Notice of Right to Sue letter via regular mail but cannot recall the date on which she received it, *and has no other evidence that would prove the date on which she received it.*" [7]

The PTO contained also defendant's contention that "[p]laintiff did not file her Complaint within Title VII's strictly enforced '90 day' filing period." [8]

Cushman then moved for summary judgment dismissing the complaint on the ground, *inter alia,* that the action was untimely. Its Rule 56.1 Statement averred, on the basis of the stipulation in the PTO and plaintiff's deposition, that plaintiff could not recall, and had no other evidence establishing, the date on which she received the notice.[9]   In the absence of any such evidence, it argued, plaintiff was presumed to have received it three days after it was mailed, viz. on March 27, 2003, which was 91 days prior to the commencement of the action.

Plaintiff did not submit a sufficient Rule 56.1 Statement in opposition to the motion.[10]   She did, however, submit an affirmation of Attorney Jones and an affidavit of her own. Plaintiff there stated:

"Concerning the date on which I received the right to sue letter from the EEOC in this matter, it jogged my memory when my Attorney, James C. Jones, reminded me that I called him on his cellular phone on the evening of Friday March 28, 2003 (while he was having dinner with friends) to say that 'I received the Right to Sue letter today'. He said that when he picked up his office mail on Monday March 31, he learned that he had also received the letter on Friday, March 28, 2003." [11]

Mr. Jones, for his part, now tells the same story. He claims that he received a call from plaintiff while dining with a friend on March 28, 2003 at which time she told him that she had received the right to sue letter that day. He says that he "reminded Plaintiff [presumably recently] of the ... phone conversation and it jogged her memory as to the date on which she

5.  Fullerton Decl. Ex. 2 (Vera Dep., Mar. 11, 2004, at 22–23); Fullerton Reply Decl. Ex. 1 (Vera Dep., Mar. 11, 2004, at 21–23).

6.  Fullerton Reply Decl. Ex. 2.

7.  PTO, § III (Stipulated Facts) ¶ 37 (emphasis added).

8.  *Id.* § IV.B (Defendant's Contentions) ¶ 4.

9.  Def. 56.1 St. ¶ 67.

10.  She submitted a narrative statement summarizing the gist of her substantive claim, rather than the requisite paragraph-by-paragraph response to defendant's Rule 56.1 Statement. Her document did not cite to evidence, as required by S.D.N.Y. Civ. R. 56.1(d), except in the case of her denial that the action was not timely filed. The statement therefore was insufficient. *Archie Comic Pubs., Inc. v. Dumont,* 258 F.Supp.2d 315, 317–19 (S.D.N.Y.2003), *aff'd substantially on opinion below,* 88 Fed.Appx. 468 (2d Cir. 2004).

11.  Vera Aff., May 21, 2004, ¶ 36.

received the EEOC letter."[12]

*Discussion*

### A. The Title VII Claim

■ Title VII requires that civil actions brought under its provisions be commenced "within ninety days after the giving of [a] notice" by the EEOC of the aggrieved person's right to sue.[13] The giving of notice occurs when the plaintiff receives the right to sue letter.[14] In the absence of proof of the date of receipt, however, the plaintiff is presumed to have received it three days after it was mailed.[15]

In this case, plaintiff stipulated that the letter was mailed on March 24, 2003. She testified and stipulated that she does not recall, and has no other evidence, as to when she received it. Unless effect is given to the belated submissions by plaintiff and her counsel, the three day presumption applies, and the action must be dismissed as untimely. These submissions should not be given effect.

■ To begin with, a party cannot raise a genuine issue of material fact by submitting an affidavit in opposition to a motion for summary judgment that, by addition or omission, contradicts her deposition testimony.[16] Here, plaintiff testified unequivocally that she neither recalled, nor knew of any other evidence that would establish, the date she received the right to sue letter. Upon being confronted with the motion for summary judgment, however, she suddenly claimed to recall a conversation with her attorney on the day she received it, and the attorney now professes to recall not only the conversation, but its exact date. This change in and addition to the deposition testimony would not properly be considered.

■ Second, the stipulation in any case cannot be ignored. Plaintiff did not merely testify that she did not recall the date. She formally stipulated that she had no evidence as to the date on which she received the right to sue letter. That factual stipulation is binding on her.[17] She "is not entitled to withdraw from [her] agreement unilaterally."[18]

■ To be sure, the application of these principles is never wooden and, in appropriate circumstances, may yield to some equitable considerations. For example, a court may relieve a party of its stipulation where necessary to prevent manifest injustice, provided the other parties can be restored to the *status quo ante*.[19] But no such considerations warrant relief here.

The statute made the date of plaintiff's receipt of the right to sue letter important.

---

12. Jones Aff., May 21, 2004, ¶ 4 (first of two paragraphs so numbered).

13. 42 U.S.C. § 2000e–5(f)(1).

14. *E.g., Holt v. KMI–Continental, Inc.,* 95 F.3d 123, 132 (2d Cir.1996) ("Once a claimant has received a right to sue letter from the EEOC, suit must be filed within ninety days."); *Sherlock,* 84 F.3d at 525–26 (same).

15. *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 148 n. 1, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984); *Sherlock,* 84 F.3d at 525–26.

16. *E.g., Hayes v. New York City Dept. of Corr.,* 84 F.3d 614, 619 (2d Cir.1996).

17. *E.g., Calvin Klein Ltd. v. Trylon Trucking Corp.* 892 F.2d 191, 194 (2d Cir.1989); *Fisher v. First Stamford Bank and Trust Co.,* 751 F.2d 519, 523 (2d Cir.1984).

18. *United States ex rel. Reilly v. New England Teamsters and Trucking Industry Pension Fund,* 737 F.2d 1274, 1278 (2d Cir.1984); accord, *Sinicropi v. Milone,* 915 F.2d 66, 69 (2d Cir.1990).

19. *Greenspahn v. Joseph E. Seagram & Sons,* 186 F.2d 616, 620–21 (2d Cir.1951).

Plaintiff's counsel doubtless knew that, as evidenced by the allegations of the complaint. He was present at plaintiff's deposition, where defendant's counsel probed plaintiff's recollection and whether she was aware of anything that might refresh it on the critical point. His silence at that time perhaps is understandable—defendant was entitled to plaintiff's testimony, not her lawyer's. But his failure to bring his own alleged recollection to plaintiff's attention when he supervised her execution of the deposition transcript and errata page—without noting her present position—is quite suspicious. If, as plaintiff and her counsel now claim, plaintiff made the alleged telephone call and counsel remembered not only the call but its exact date, it would have been strongly in plaintiff's interest to correct the deposition transcript to make clear that her action was timely. And even putting that aside, plaintiff surely would not have stipulated that she had no evidence of the date of receipt if, in fact, the alleged conversation had occurred.

People sometimes remember what it is in their interests to remember. So the Court makes no definitive finding on the point. But the circumstances strongly "suggest that the [sudden 'recollection' and dating of the alleged March 28 telephone call] reflect[ ] an evolutionary development in plaintiff['s] case that falls under the heading of bad faith."[20] In these circumstances, plaintiff has little claim on a favorable exercise of the Court's discretion to relieve her of the consequences of her stipulation and her prior deposition testimony.[21]

Given the stipulated lack of any evidence of the date of plaintiff's receipt of the right to sue letter, the stipulation that the letter was sent to plaintiff on March 24, 2003, and the presumption of receipt three days thereafter, the notice was received on March 27, 2003, 91 days before the commencement of this action. The Title VII claim therefore is untimely.

## B. The Section 1981 Claim

Plaintiff has stipulated that she no longer makes any claim of racial discrimination.[22] She pursues only claims for gender discrimination and retaliation.[23]

Section 1981 is available only for claims of racial discrimination, including ancestry and ethnic characteristics. It does not apply to gender discrimination.[24] Accord-

---

**20.** *Lee v. Regal Cruises, Ltd.,* 916 F.Supp. 300, 304 (S.D.N.Y.1996) (denying leave to amend to assert new factual theory of liability in response to summary judgment motion), *aff'd,* 116 F.3d 465 (table), 1997 WL 311780, at *1 (2d Cir.1997).

**21.** To be sure, the Court recognizes that plaintiff's current affidavit and her deposition testimony perhaps are not utterly irreconcilable. It is at least theoretically possible that she did not recall at the time of her deposition but that her memory now has been refreshed. But while that might get around the prohibition on creating a genuine issue of fact by changing one's deposition testimony by affidavit, it would not avoid either the stipulation or the default under Rule 56.1.

**22.** Note 2, *supra.*

**23.** *Id.*

**24.** *E.g., Anderson v. Conboy,* 156 F.3d 167, 170 (2d Cir.1998).

Retaliation claims may be brought under Section 1981 provided the retaliation is in response to an employee's assertion of rights protected by the statute. *Hawkins v. 1115 Service Care,* 163 F.3d 684, 693 (2d Cir.1998); *Evans v. Port Auth. of N.Y. and N.J.,* No. 00 Civ. 5753(LAK), 2002 WL 77074, at *2 (S.D.N.Y. Jan. 22, 2002). Plaintiff, however, makes no such claim here. Indeed, her memorandum in opposition to the motion for summary judgment does not refer to any Section 1981 claim at all. Accordingly, any such claim has been abandoned.

ingly, defendant is entitled to judgment as a matter of law dismissing the claim under 42 U.S.C. § 1981.

### Conclusion

For the foregoing reasons, defendant's motion for summary judgment dismissing the action [docket item 10] is granted. Defendant's motions *in limine* [docket items 19–20] are denied as moot.

SO ORDERED.