**Annette MEISELMAN, Plaintiff–Appellant,**

v.

**Eric BYROM and County of Nassau, Defendants–Appellees.**

**Docket No. 02–7677.**

United States Court of Appeals, Second Circuit.

Aug. 9, 2005.

Annette Meiselman, Great Neck, NY, (on submission), for Plaintiff–Appellant, pro se.

David B. Goldin, Deputy County Attorney, for Lorna B. Goodman, County Attorney, County of Nassau, Mineola, NY, for Defendants–Appellees.

Present: CALABRESI, RAGGI, Circuit Judges, and COTE, District Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiff–Appellant Annette Meiselman ("Meiselman") appeals *pro se* from a judgment in favor of Defendants–Appellees Eric Byrom and Nassau County, in Meiselman's 42 U.S.C. § 1983 action against them.[1] Meiselman argues on appeal that

---

* The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.

1. Prior to filing her notice of appeal, Meiselman moved in the district court to vacate the judgment and order a new trial pursuant to Rules 59, 60, and 61 of the Federal Rules of Civil Procedure. *Meiselman v. Byrom,* 207 F.Supp.2d 40 (S.D.N.Y.2002). The district court denied these motions, but did so after Meiselman's notice of appeal had been filed

both as to the underlying judgment itself and as to her then-unresolved motions to vacate. A notice of appeal filed after judgment, but before disposition of a timely Rule 59 motion "becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed. R.App. P. 4(a)(4)(B)(i); *see Hertzner v. Henderson,* 292 F.3d 302, 303 (2d Cir.2002). Accordingly, we treat Meiselman's appeal as timely as to the district court's judgment in its entirety.

the trial was "fraudulent" in any number of ways. She alleges, *inter alia*, that the district judge improperly suppressed evidence; that a defense witness was not who she claimed to be; that certain evidence was altered and a witness testified falsely; that the jury members were disproportionately relatives of victims of the September 11, 2001 terrorist attacks, and therefore overly sympathetic to police officers; and that the defense attorney, her own attorney, and the district judge behaved unprofessionally. We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal.

We will overturn a jury verdict only if there is " 'such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture.' " *Norton v. Sam's Club,* 145 F.3d 114, 118 (2d Cir.1998) (quoting *Stratton v. Dep't for the Aging,* 132 F.3d 869, 878 (2d Cir.1997)). "We may not 'assess the weight of conflicting evidence, pass on the credibility of witnesses, or substitute [our] judgment for that of the jury.' " *Id.* (quoting *Stratton,* 113 F.3d at 878).

Meiselman, who was represented at trial, made claims that, if believed by a jury, would have entitled her to § 1983 relief. Each of these claims was directly and specifically denied by the defendants. Each was submitted to the jury after a full trial in which both sides presented witnesses. The jury found for the defendants on each charge. To the extent that Meiselman challenges this verdict, we find her appeal to be without merit. Few of Meiselman's other claims are sufficiently specific to qualify for consideration on appeal. Although we construe a *pro se* litigant's appellate brief and other pleadings liberally, and read them to raise the strongest arguments they suggest, *see Burgos v. Hop-*

*kins,* 14 F.3d 787, 790 (2d Cir.1994), vague, conclusory statements provide no basis for review.

We have considered all of Meiselman's arguments on appeal, as well as her miscellaneous motions, and find them to be without merit. Therefore, the judgment of the district court is AFFIRMED and all her pending motions are DENIED.